UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, MONTEREY BAY LAND, LLC, MEADE COMMUNITIES LLC, FORT BLISS/WHITE SANDS MISSILE RANGE HOUSING LP, RILEY COMMUNITIES LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, I, LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, II, LLC, CARLISLE/ PICATINNY FAMILY HOUSING LP, BRAGG COMMUNITIES LLC, FORT DETRICK/WALTER REED ARMY MEDICAL CENTER LLC, PICERNE-FORT POLK FUNDING, LLC, RUCKER COMMUNITIES LLC, STEWART HUNTER HOUSING LLC, SILL HOUSING, LLC, AETC HOUSING LP, AMC WEST HOUSING LP, LACKLAND FAMILY HOUSING, LLC, and VANDENBERG HOUSING LP, <br><br>        Plaintiffs,<br><br>- against -<br><br>AMBAC ASSURANCE CORPORATION, JEFFERIES MORTGAGE FINANCE, INC., JEFFERIES & COMPANY, INC., JEFFERIES LLC, JEFFERIES GROUP LLC, DANNY RAY, and CHETAN MARFATIA,<br><br>        Defendants. | No. 19 Civ. 9193 (PGG) (SLC)<br><br>**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

SARAH L. CAVE, U.S.M.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. Plaintiffs' position is that this case is to be tried to a jury. Defendants' position is that Plaintiffs have waived their right to a jury trial and the claims in this case will be determined by a bench trial.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 90 days before the close of fact discovery.

5. The parties have already completed their initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Plaintiffs' next production of documents will be served no later than September 17, 2021.

6. The parties must complete fact discovery no later than July 29, 2022.

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a.    Substantially complete production of documents no later than January 21, 2022, and complete production of privilege logs no later than February 11, 2022.[1]

    b.    Serve initial interrogatories and other initial written discovery, to the extent not already served, by September 30, 2021.  All written discovery, including contention interrogatories must be served no later than 60 days before the close of fact discovery.  For the avoidance of doubt, any written discovery served before the entry of this order is timely served.

    c.    Complete depositions of <u>fact</u> witnesses by July 29, 2022.

        i.    Pursuant to the Court's direction, the parties may begin fact depositions no earlier than October 1, 2021.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    **[Intentionally omitted]**

        iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

        v.    The parties will confer regarding the depositions of the parties pursuant to Rule 30(b)(6), including the matters for examination no later than January 31, 2022.

---

[1] All of the parties have commenced document collection, review, and production efforts. The parties agree to diligently continue those efforts and produce documents and privilege logs on a rolling basis, as soon as materials are available to be produced, and to not delay production or withhold documents on account of this deadline. In other words, the parties will each use all reasonable efforts to substantially complete their productions and privilege logs well in advance of this deadline.

    vi. Depositions of persons listed on the parties' expert disclosures pursuant to Rule 26(a)(2) shall be excluded from the presumptive numerical limit on depositions.

  d. Serve requests to admit, other than requests to admit limited to the authenticity or admissibility of evidence, no later than 30 days before the close of fact discovery.

8. The parties must complete <u>expert</u> discovery no later than December 16, 2022.

  a. The parties will simultaneously exchange the disclosures required by Federal Rule of Civil Procedure 26(a)(2) on August 26, 2022 for principal expert reports. The parties will simultaneously exchange rebuttal expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) on October 7, 2022.

  b. No party may offer expert testimony—whether designated as "rebuttal" or otherwise—beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8.

  c. Plaintiffs anticipate, without limitation, expert testimony concerning the following issues: Damages, including but not limited to Plaintiff's losses and defendants' profits; causation; practices and standards in the real estate development and project finance industries; the Military Housing

                              Privatization Initiative; computer forensics regarding the spoliation of documents; and such issues as may be necessary to respond to experts designated by Defendants.

        d.        Defendants anticipate**,** without limitation, expert testimony concerning the following issues: Lending/underwriting, credit enhancement/bond insurance, ratings agencies, damages, and such issues as may be necessary to respond to and rebut experts designated by Plaintiffs.

9.        No later than 14 days following the close of fact discovery, all counsel must meet face-to-face, or, if required by public health conditions, by live videoconference, for at least one hour to discuss settlement.

10.        Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by 20 days after the close of expert discovery. Opposition letters are due 10 days after receipt of the dispositive motion letter to which they respond.

11.        Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

12.        Pursuant to the Court's direction, the parties have agreed to defer decision on the number of trial dates until later in the litigation process.

13.        At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on

or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come before the Court notifies counsel of an actual trial date, not after counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

14. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance—signed by all parties—before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they must immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

15. The next pretrial conference is scheduled for Monday, June 6, 2022 at 11:00 am in Courtroom 18A, 500 Pearl Street, New York, New York.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices

The Proposed Case Management Plan (ECF No. 365) is ADOPTED. The parties shall file joint letters certifying the completion of fact and expert discovery on **Friday, August 5, 2022**, and **Friday, December 23, 2022**.

SO ORDERED 9/13/2021

SARAH L. CAVE
United States Magistrate Judge