February 11, 2022

<u>**Via E-ECF**</u>

Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007-1312

Re: *Monterey Bay Military Housing, LLC, et al. v. Ambac Assurance Corporation, et al.*, No. 19-CV-09193-PGG-SLC (S.D.N.Y.)

Dear Judge Cave:

Pursuant to the Court's direction at the last teleconference, Defendants respectfully submit this letter to inform the Court of discovery issues that we have not been able to resolve with Plaintiffs' counsel.

1. **Debt Selection Documents**:

Plaintiffs have failed to provide Defendants with sufficient detail concerning their efforts to locate the missing documents concerning the process by which lenders were selected for the relevant transactions including, specifically: (i) which individuals have been asked for information about the location of these documents; and (ii) the locations that those individuals identified as likely to contain relevant documents. Plaintiffs have also not provided Defendants with the list of debt selection documents that Plaintiffs contend have already been produced. (See Jan. 14 Conf. Tr. 14:13-20; 15:2-8).

2. **Bruce Robinson Documents**:

Since the January 24, 2022 Conference, Plaintiffs have produced just under 1,000 documents from the custodial files of Bruce Robinson. However, despite Defendants' requests, they have not explained which of his documents were lost and when, nor have they explained why they failed to produce any of his documents prior to 2008, at which point Mr. Robinson had already been employed by BBC's predecessor for several years. This information is essential for Defendants' understanding of Plaintiffs' document preservation efforts—or lack thereof.

3. **Unclean Hands Documents:**

Plaintiffs have not finished providing documents and information about governmental investigations or internal investigations. Specifically:

a. Plaintiffs have failed to provide a complete list of document productions made to Congress, the Department of Justice, or other regulators, which we understood the Court ordered so that Defendants would have sufficient information about what was produced in order to evaluate whether we should request copies of the produced documents. *See* Jan. 6 Order, ECF No. 401

1

at 3. Summary materials produced to date indicate that precise records were kept of exactly how many documents were produced. *See, e.g.,* MHPI_0262770.[1] Nonetheless, for over a month Plaintiffs have not yet complied with this Court's January 6 Order.

      b.      Plaintiffs have not produced any summary documents regarding regulators other than Congress or the Department of Justice.

      c.      Plaintiffs have notified Defendants of seven relevant categories of productions made to Congress or the Department of Justice. On February 1, 2022, Ambac requested three out of the seven categories of productions, as well as additional information about the remaining four categories. Plaintiffs have failed to respond.

In addition to the foregoing, Plaintiffs informed Defendant Ambac's counsel earlier today that they would not be providing any documents related to civil lawsuits against the Plaintiffs or Developers that accused them of failure to maintain the properties. They state that they "will not be providing them per the Court's instruction." Defendant Ambac has had a series of discussions with Plaintiffs on the topic of related civil lawsuits and respectfully requests an opportunity to address the Court on this matter at the conference on Monday.

***

We look forward to discussing these matters with the Court at the upcoming conference.

Respectfully submitted,

| | |
|---|---|
| */s/ Tai H. Park* | */s/ Scott S. Balber* |
| Tai H. Park | Scott S. Balber |
| Quinn Emanuel Urquhart & Sullivan, LLP | Herbert Smith Freehills New York LLP |
| */s/ Anne Champion* | */s/ David Goldberg* |
| Anne Champion | David Goldberg |
| Gibson, Dunn & Crutcher, LLP | Katten Muchin Rosenman LLP |

cc:      All Counsel of Record (via ECF)

---

[1] This document has been designated by Plaintiffs as ATTORNEYS' EYES ONLY under the operative protective order and, accordingly, defendants have omitted the document from this filing.