

The Honorable Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7810
E  Scott.Balber@hsf.com
www.herbertsmithfreehills.com

**VIA ECF**

Date
April 26 2022

Re:   **Monterey Bay Mil. Housing LLC v. Ambac Assurance Corp.
       Case No. 1:19 Civ. 9193 (S.D.N.Y.) (PGG) (SLC)**

Dear Judge Cave:

Pursuant to the Court's March 16, 2022 instruction, we write on behalf of defendants Jefferies Mortgage Finance, Inc. ("JMFI"), Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC (collectively, the "Jefferies Entities") to update the Court on the status of discovery in this matter.  This letter addresses specific, outstanding discovery issues that we would like to address at the upcoming conference scheduled for April 29, 2022, which, as set forth below, are also implicated by the Jefferies Entities' separately-filed motion seeking to sever the disparate claims brought by the various Plaintiffs.[1]

1. **Discovery Irrelevant to the Claims Against the Jefferies Entities:**

Ambac Assurance Corp. ("Ambac") has sought leave to take at least ninety-two depositions, the vast majority of which involve witnesses who had no connection to the only two loans made by JMFI.  (ECF No. 444 at 1).  While the Jefferies Entities agree that the deponents identified by Ambac are necessary to defend the claims asserted by the eighteen Plaintiffs in this case, the Jefferies Entities respectfully submit that they would suffer substantial prejudice if required to participate in discovery relating to transactions with which they had no involvement.  The Jefferies Entities' severance motion makes clear that because the nineteen loans at issue in this case are separate transactions (rather than a series of transactions), severance of the Plaintiffs' claims is mandatory under Fed. R. Civ. P. 20.  *See Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 559 (S.D.N.Y. 2013).  This would, of course, obviate the need for the Jefferies Entities to depose the many witnesses relevant to the sixteen Plaintiff projects that pre-date the Jefferies Entities' entry into the military housing business.

---

[1]     While the issue is not ripe for the Court's consideration, Plaintiffs have indicated that they intend to seek depositions from, *inter alia*, Richard Handler, the global Chief Executive Officer of Jefferies Group LLC, and Sonia Han, a senior lawyer with Jefferies LLC.  In the event Plaintiffs seek to notice these depositions, the Jefferies Entities intend to object under the apex deposition doctrine and the presumption against depositions of counsel.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
April 26 2022
Letter to
The Honorable Sarah L. Cave

2. **Scope of Rule 30(b)(6) Depositions Served on the Jefferies Entities:**

Plaintiffs' Rule 30(b)(6) notices purport to obligate the Jefferies Entities to provide testimony regarding the knowledge of seven wholly unrelated entities (namely, GMAC Commercial Mortgage Corporation, GMAC Commercial Holding Capital Corp., Newman Financial Services, Inc., Bluestem Group, Inc., Capmark Financial Group, Capmark Commercial Mortgage, and Capmark Finance, Inc.).  Plaintiffs also seek testimony about Plaintiff projects with which the Jefferies Entities had no involvement.[2]  A party cannot be required to proffer a 30(b)(6) witness to testify regarding unrelated entities or information not known or reasonably available to the organization.  *See, e.g.*, *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006) (corporate entity not required under Rule 30(b)(6) "to acquire all of the knowledge of [distinct entity] on matters in which the [entity] was not involved, and to testify to those matters in a manner which binds the [entity]").

Moreover, Plaintiffs have demanded that the Jefferies Entities' witnesses be prepared to testify about non-Plaintiff military housing projects which this Court has already held are of extremely limited probative value.

3. **Plaintiffs' Request for Documents Regarding the Jefferies Entities' "Unclean Hands":**

On April 20, 2022—more than four years into the case and nearly three months after the substantial completion deadline for document productions—Plaintiffs served a new document request (by letter) demanding the production of documents concerning a January 2014 non-prosecution agreement between Jefferies LLC and the United States Department of Justice, wholly unrelated to Plaintiffs, JMFI's military housing business, or the loans at issue in this case.[3]  This is a silly, desperate, and transparently obvious attempt to deflect attention from several of the Plaintiff developers' recent admissions of criminal conduct in the management of military housing projects.  Of course, the question of whether the Jefferies Entities have unclean hands is irrelevant to this dispute.  Plaintiffs' letter is a day late and a dollar short and should be summarily rejected.

4. **Clark Realty Subpoena:**

Despite multiple requests, Clark Realty Capital, LLC, has failed to comply with this Court's order directing it to provide information regarding its efforts to identify and collect the missing debt selection documents.

---

[2]  An annotated copy of the notice served on JMFI is attached as **Exhibit A**.  Categories highlighted in yellow text are those topics that seek testimony concerning the knowledge of entities other than the Jefferies Entities, projects with which the Jefferies Entities had no involvement prior to JMFI's acquisition of Capmark's military housing assets, and/or non-Plaintiff military housing projects.

[3]  A true and correct copy of that letter is attached as **Exhibit B**.



Date
April 26 2022
Letter to
The Honorable Sarah L. Cave

Respectfully submitted,

/s/ *Scott S. Balber*

Scott S. Balber

cc:     All Counsel of Record (via ECF)