**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

> The Court intends to discuss the issues presented in Defendant Ambac Assurance Corporation's letter motion (ECF No. 444 (the "Letter") on the conference call scheduled for April 29, 2022 at 10:00 am.  The parties should be prepared to discuss the Letter and may present supplemental authorities at that time.
>
> SO ORDERED 4/27/22
>
> *Sarah␣Cave*
> SARAH L. CAVE
> United States Magistrate Judge

April 25, 2022

<u>VIA ECF</u>

Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court for The
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007-1312

Re:   *Monterey Bay Military Housing LLC, et al. v. Ambac Assurance Corporation, et al.*,
      No. 19-cv-09193 (PGG) (SLC)

Dear Judge Cave:

I write on behalf of Defendant Ambac Assurance Corporation ("Ambac") regarding Jefferies' motion to sever and to seek relief from this Court concerning Plaintiffs' refusal to permit Ambac to take a sufficient number of depositions to adequately defend itself and prepare for trial.

As the Court is aware, on April 6, 2022, Jefferies moved to sever Plaintiffs' claims. Although, as further explained below, Ambac agrees with certain of the points raised in Jefferies' motion, Ambac does not join the motion in recognition of the efficiencies inherent in adjudicating Plaintiffs' claims in a single proceeding. These efficiencies include leveraging the discovery efforts that the parties have expended to date and conserving the considerable judicial resources already deployed in mastering the complex issues raised by this dispute. Accordingly, Ambac reserves the right to move to sever some or all of Plaintiffs' claims for trial under Rule 42(b), but disagrees with Jefferies that severance is necessary for the purposes of discovery, as long as proper guardrails are put in place to avoid substantive prejudice to Defendants based on the joining of the Plaintiffs' cases.

As set forth in the Defendants' Motions to Dismiss the Second Amended Complaint and for Reconsideration of same, Ambac strongly agrees with Jefferies that each Plaintiff's claim arises from individual documentation of independent, negotiated, arm's-length transactions and does not evidence any RICO scheme or conspiracy. *See* Dkt. 223 at 14-15; Dkt. 27 at 15-17. As such, Plaintiffs' choice to join disparate Plaintiffs and claims should not unfairly prejudice Defendants

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

by limiting access to essential discovery and, specifically, to a sufficient number of depositions. Despite Ambac's best efforts, Plaintiffs have refused to stipulate to more than thirty depositions, a number that is patently insufficient given the number of parties, the number of distinct deals at issue, and the complexity of this dispute.[1] Accordingly, and for the reasons discussed herein, Ambac seeks leave to increase the limit on depositions to at least ninety-two, to allow Ambac to depose the entities and individuals indicated in the attached Exhibit A.[2]

Federal Rule of Civil Procedure 30(a)(2) provides for a limit of ten depositions per side, with additional depositions permissible by stipulation or with leave of court. "The [C]ourt must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Secs. Litig.*, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (citing Fed. R. Civ. P. 26(b)(2)(C)). In making this assessment, "counsel's judgment about how many depositions it needs is entitled to a good deal of deference." *United States v. Town of Oyster Bay*, 2016 WL 11265542, at *1 (E.D.N.Y. May 10, 2016).

The presumptive limit of ten depositions is insufficient to the needs of this case. Plaintiffs have conceded as much by proposing a thirty-deposition limit, but their arbitrary number has no basis in fact. In contrast, Ambac's request is made after careful consideration of the facts and information known to date, and the relevance of each potential deponent is set forth in Exhibit A hereto. Plaintiffs comprise eighteen separate entities, each affiliated with one of four developers in partnership with one of two branches of the armed services. Plaintiffs allege RICO violations spanning more than a decade and involving no fewer than six separate purportedly fraudulent schemes. Document production is ongoing, and the parties and third-party subpoena recipients have to date produced more than 800,000 documents comprising over six million pages. Plaintiffs themselves have identified forty-seven individuals with relevant knowledge in their Second Amended Complaint, their Rule 26 Initial Disclosures, and their interrogatory responses, thirty-five of whom Plaintiffs identified as recipients of material misrepresentations from Defendants. *See* Ex. A. Ambac should be permitted an opportunity to depose these individuals, as well as other relevant party and non-party witnesses (such as the Plaintiff entities, the underlying developers, and individual witnesses associated with each entity), to properly defend the case and prepare for trial. Plaintiffs' proposed limit of thirty is less than one Rule 30(b)(6) deposition and one

---

[1] The parties met & conferred telephonically on March 31, 2022 for approximately one hour. Defendants were represented by, among others, Tai Park (Quinn Emanuel, Ambac), Amer Ahmed (Gibson Dunn & Crutcher, Dan Ray), John O'Donnell (Herbert Smith Freehills, Jefferies entities), and David Goldberg (Katten Muchin Rosenman, Chetan Marfatia). Plaintiffs were represented by attorneys from Brown Rudnick, including Michael Bowe. As discussed herein, Plaintiffs indicated that they were unwilling to stipulate to more than thirty depositions per side.

[2] The list of party witnesses set forth in Exhibit A is broadly consistent with that submitted in connection with Jefferies' motion to sever; however, Exhibit A also includes relevant third-party witnesses, as well as entity depositions pursuant to Rule 30(b)(6).

additional fact witness per Plaintiff (despite the fact that Plaintiffs themselves seek depositions of *twelve* witnesses and a Rule 30(b)(6) deposition from Ambac alone).

Further, Plaintiffs' proposed limit of thirty depositions fails to account for third-party witnesses, including the Army and Air Force, which partnered with the developers in connection with the Plaintiff Projects; the military's financial advisors, JLL, EMAX, and PSC; and the independent rating agencies, whose actions, requirements, and communications are at the core of several of Plaintiffs' alleged schemes.  Plaintiffs' disregard for these essential third parties is a glaring and unacceptable omission given the amount of evidence that is obtainable only from such third parties.

Consequently, Ambac seeks leave to increase the limit on depositions so as to permit it to depose the entities and individuals listed in Exhibit A.  While Ambac remains amenable to negotiating with Plaintiffs to reduce the number of depositions by, for example, designating a single witness to testify on behalf of multiple Plaintiff Projects under Rule 30(b)(6), Plaintiffs have thus far refused to engage in such discussions.  Their unwillingness to agree to a reasonable baseline number necessitates the Court's intervention.

As set forth in Exhibit A, the depositions Ambac seeks are neither cumulative nor duplicative; rather, they are a necessary result of Plaintiffs' decision to join eighteen Plaintiffs, which entered nineteen separate deals at different places and times, through different people and entities that played distinct roles in negotiating and implementing the loans underlying Plaintiffs' claims.  The number of depositions Ambac seeks is in accord with what courts have permitted in complex cases involving multiple parties such as this one, and is many fewer than the number to which Ambac would presumptively be entitled were the Court to sever the action.  *See, e.g.*, *In re Interest Rate Swaps Antitrust Litig.*, 2019 WL 1147149 (S.D.N.Y. Mar. 13, 2019) (noting that court had "authorized Plaintiffs to take 110 depositions of fact witnesses across the 11 defendant groups"); *In re Marsh & McLennan Co., Inc. Secs. Litig.*, 2009 WL 5178546, at *17 (S.D.N.Y. Dec. 23, 2009) (noting that "110 depositions were taken" in "large-scale, highly complex litigation").

Ambac is prepared to address this matter at the next scheduled discovery conference on April 29, 2022 or at another time convenient for the Court.

Respectfully submitted,

*/s/ Rachel E. Epstein*

Rachel E. Epstein