UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTEREY BAY MILITARY HOUSING, LLC, et al.,

                        Plaintiffs,

-v-

AMBAC ASSURANCE CORPORATION, et al.,

                        Defendants.

CIVIL ACTION NO.: 19 Civ. 9193 (PGG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the letter submitted by Plaintiffs and Jefferies[1] outlining topics in dispute (the "Topics") for the deposition(s) of Jefferies pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Witnesses"). (ECF No. 592 (the "Letter")). During a conference on December 19, 2022, the Court heard the parties' positions, provided guidance, directed the parties to renew their efforts to meet and confer, and, if any topics remained in dispute, permitted them to submit the Letter. (ECF Nos. 580 at 2; 590 at 16–28; see ECF min. entry Dec. 19, 2022).

Having reviewed the Letter, and pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court ORDERS as follows:

1. To the extent that Plaintiffs intend to question any of Jefferies' Witnesses about written communications concerning any of the Topics, no later than five (5) business days before that Witness's deposition, Plaintiffs shall provide to Jefferies a list of up to **50** documents per Topic (the "Exhibits"), without prejudice to Plaintiffs' ability to question any of the Witnesses about: (i) oral communications about that Topic

---

[1] Jefferies Mortgage Finance, Inc. ("JMFI"), Jefferies LLC, Jefferies & Co., Inc, and Jefferies Group LLC. (ECF No. 554 at 4 n.1).

**generally**; (ii) documents that the Witnesses testify refreshed their recollection about that Topic, see Aviles v. S&P Glob., Inc., 583 F. Supp. 3d 499, 505–06 (S.D.N.Y. 2022); Fed. R. Evid. 612; or (iii) additional documents described by the Witnesses during their testimony on that Topic.  See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 125 (S.D.N.Y. 2018) (permitting Rule 30(b)(6) witness to be questioned about up to 50 documents on a particular topic and requiring defendants to identify the 50 documents before the deposition).

2. The Topics are revised as follows:[2]

    a. **Topic 3**:  Jefferies' communications concerning the Bliss 2012 and Sill Projects and the financing of such projects.

    b. **Topic 4**:   Jefferies' knowledge and understanding, if any, of GMAC's communications concerning the Plaintiff MHPI Projects before JMFI acquired certain servicing rights from the Capmark bankruptcy estate.

    c. **Topic 9**: The debt solicitation process for the Sill (2010) loan, including (i) any initial request for proposal ("RFP") from Sill regarding the potential financing and Jefferies' desire to compete to provide financing; (ii) Jefferies' process for preparing any proposals to the Sill Plaintiff; (iii) any letters of intent or commitment Jefferies sent to the Sill Plaintiff; (iv) Jefferies' negotiations with potential credit enhancers; and (v) Jefferies' site visits to Ft. Sill before the closing of the Sill loan.  To the extent that Plaintiffs seek to question the Jefferies Witness about any drafts of letters of intent or commitment for the

---

[2] The Court employs the same terms the parties use in the Topics in the Letter.

Sill (2010) loan, they must be included in the Exhibits produced in accordance with (1), <u>supra</u>.

d. **Topic 11**: The debt solicitation process for the Bliss (2012) loan, including (i) any initial RFP from Bliss regarding the potential financing and Jefferies' desire to compete to provide financing; (ii) Jefferies' process for preparing any proposals to the Bliss Plaintiff; (iii) any letters of intent or commitment Jefferies sent to the Bliss Plaintiff; (iv) Jefferies' negotiations with potential credit enhancers; and (v) Jefferies' site visits to Ft. Bliss before the closing of the Bliss loan. To the extent that Plaintiffs seek to question the Jefferies Witness about any drafts of letters of intent or commitment for the Bliss (2012) loan, they must be included in the Exhibits produced in accordance with (1), <u>supra</u>.

e. **Topic 12**: Jefferies' knowledge and understanding, if any, of the debt solicitation process for the Plaintiff MHPI Projects in which GMAC participated, and any effort by GMAC to be selected to provide any services to the Plaintiff MHPI Projects, including: (i) the initial RFP and any assessment by GMAC; (ii) the development and submission of any proposals to Plaintiffs; (iii) letters of intent or commitment GMAC sent to Plaintiffs; (iv) GMAC's negotiations with potential credit enhancers; (v) GMAC's site visits before the closing of the Project loans; and (vi) revisions to commitment terms prior to the closing of the Project loans.

f. **Topic 13**: The financing of Sill in 2010, including: (i) initial loan terms and the negotiation of such terms; (ii) terms and conditions of any commitment letters issued by Jefferies to Sill; (iii) Jefferies' sales of any bonds or certificates related to the Sill loan; (iv) Jefferies' negotiation and agreement regarding fees for the Sill loan; (v) the closing process for the Sill loan; and (vi) post-closing transactions involving refinancing or servicing of the Sill loan.

g. **Topic 14**: The financing of Bliss in 2012, including: (i) initial loan terms and the negotiation of such terms; (ii) terms and conditions of any commitment letters issued by Jefferies to Bliss; (iii) Jefferies' sales of any bonds or certificates related to the Bliss loan; (iv) Jefferies' negotiation and agreement regarding fees for the Bliss loan; (v) the closing process for the Bliss loan; and (vi) post-closing transactions involving refinancing or servicing of the Bliss loan.

h. **Topic 17**: The method of setting the interest rate for the Bliss 2012 and Sill Project loans, the dates on which Jefferies sold certificates associated with those loans, and the amount of credit lock fees Jefferies charged for each loan.

i. **Topic 19**: Any financial products Jefferies offered or provided to the Bliss 2012 and Sill Projects.

j. **Topic 24**: The credit ratings of the Bliss 2012 and Sill Projects, including: (i) the use of surety bonds and/or debt service reserve accounts; (ii) the cost of public ratings obtained for the loans; (iii) the process by which public ratings were obtained for the loans; (iv) the type(s) of information Jefferies provided to the rating agencies about the Bliss 2012 and Sill Projects; (v) any instructions

        Jefferies may have given to cap the public ratings; and (vi) Jefferies' representations to the Bliss 2012 and Sill Projects about the public ratings.

    k. **Topic 27**: The securitization of the loans through the creation of grantor trusts and the assignment of the Bliss 2012 and Sill Projects' loans to such trusts, and the subsequent sale of bonds or certificates, including the pricing, sale process, and timing of the sale process.

    l. **Topic 47**: Jefferies' knowledge, if any, of Ambac's consent rights, including right of first refusal on subsequent MHPI Project loans, as to (i) any Plaintiff MHPI loans with the portfolio Jefferies acquired from Capmark/GMAC; and (ii) any new MHPI loans Jefferies originated for any Plaintiff.

3. The parties may mutually agree to additional revisions to the Topics without further leave of Court.

Dated:    New York, New York        SO ORDERED.
             January 9, 2023

*[signature]*
**SARAH L. CAVE**
**United States Magistrate Judge**