UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, MONTEREY BAY LAND, LLC, MEADE COMMUNITIES LLC, FORT BLISS/WHITE SANDS MISSILE RANGE HOUSING LP, RILEY COMMUNITIES LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, I, LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, II, LLC, CARLISLE/PICATINNY FAMILY HOUSING LP, BRAGG COMMUNITIES LLC, FORT DETRICK/WALTER REED ARMY MEDICAL CENTER LLC, PICERNE-FORT POLK FUNDING, LLC, RUCKER COMMUNITIES LLC, STEWART HUNTER HOUSING LLC, SILL HOUSING LLC, AETC HOUSING LP, AMC WEST HOUSING LP, LACKLAND FAMILY HOUSING, LLC, and VANDENBERG HOUSING LP,<br><br>                                        Plaintiffs,<br><br>   -v-<br><br>AMBAC ASSURANCE CORPORATION, JEFFERIES MORTGAGE FINANCE, INC., JEFFERIES & COMPANY INC., JEFFERIES L.L.C., JEFFERIES GROUP LLC, DANNY RAY, and CHETAN MARFATIA,<br><br>                                        Defendants. | CIVIL ACTION NO.: 19 Civ. 9193 (PGG) (SLC)<br><br>**OPINION AND ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

### I. INTRODUCTION

Before the Court is the letter-motion of Defendants Ambac Assurance Corporation ("Ambac") and Dan Ray ("Ray", with Ambac, the "Moving Defendants"), requesting clarification of the Court's January 19, 2023 Opinion & Order, (ECF Nos. 601 (the "Jan. 19 Order"); 603 (the "Letter-Motion")), and Plaintiffs' response to the Letter-Motion. (ECF No. 613 (the "Response")). For the reasons ser forth below, the Letter-Motion is DENIED.

## II. BACKGROUND

The factual background of this action is set out in detail in prior decisions issued by the Honorable Paul G. Gardephe and the undersigned, including the Jan. 19 Order. (See ECF No. 601). See also Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2021 WL 4173929 (S.D.N.Y. Sept. 14, 2021) ("Monterey Bay II"); Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., 531 F. Supp. 3d 673 (S.D.N.Y. 2021) ("Monterey Bay I").[1]  The Court incorporates those factual summaries, and all defined terms.

## III. DISCUSSION

In the Letter-Motion, the Moving Defendants ask the Court to clarify whether "Plaintiffs are entitled to withhold documents shared with third parties related to the DSRF litigation and this litigation that were not previously marked as work product on any of Plaintiffs' nine privilege logs on the grounds of newly asserted work product protection[.]"  (ECF No. 603 at 2).  The Court answered this question in the Jan. 19 Order.  There, the Court found that "aside from Third Party Communications relating to (i) this action or (ii) the DSRF Action, as to both of which the Moving Defendants do not contest the work product protection, (see ECF No. 590 at 72), Plaintiffs have waived work product protection for any documents that Plaintiffs have not previously marked on the Logs as work product."  (ECF No. 601 at 37 (emphasis added)).  As Plaintiffs note in the Response, the Moving Defendants have not previously challenged Plaintiffs' assertion of the work product protection over communications about this action or the DSRF Action.  (ECF No. 613 at 3; see ECF No. 590 at 72 (stating that "defendants are challenging" the applicability of the work

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted from case citations.

product protection and common interest privilege "<u>but for</u> communications between the parties in the litigation, the present litigation and the DSRF litigation") (emphasis added).  Accordingly, the Court affirms its ruling in the Jan. 19 Order, and Plaintiffs are not required to produce any communications relating to this action or the DSRF Action.

### IV.  **CONCLUSION**

For the reasons set forth above, the Letter-Motion is DENIED.

Dated:        New York, New York
                January 27, 2023

                                               SO ORDERED.

                                               _____
                                               SARAH L. CAVE
                                               United States Magistrate Judge