UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTEREY BAY MILITARY HOUSING, LLC, MONTEREY BAY LAND, LLC, MEADE COMMUNITIES LLC, FORT BLISS/WHITE SANDS MISSILE RANGE HOUSING LP, RILEY COMMUNITIES LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, I, LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, II, LLC, CARLISLE/PICATINNY FAMILY HOUSING LP, BRAGG COMMUNITIES LLC, FORT DETRICK/WALTER REED ARMY MEDICAL CENTER LLC, PICERNE-FORT POLK FUNDING, LLC, RUCKER COMMUNITIES LLC, STEWART HUNTER HOUSING LLC, SILL HOUSING LLC, AETC HOUSING LP, AMC WEST HOUSING LP, LACKLAND FAMILY HOUSING, LLC, and VANDENBERG HOUSING LP,

          Plaintiffs,

-v-

AMBAC ASSURANCE CORPORATION, JEFFERIES MORTGAGE FINANCE, INC., JEFFERIES & COMPANY INC., JEFFERIES L.L.C., JEFFERIES GROUP LLC, DANNY RAY, and CHETAN MARFATIA,

          Defendants.

CIVIL ACTION NO.: 19 Civ. 9193 (PGG) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

**I. INTRODUCTION**

Before the Court is Plaintiffs' letter-motion to compel the Jefferies Defendants[1] to produce Richard Handler ("Mr. Handler") for an in-person deposition, (ECF No. 621 (the "Letter-

---

[1] The Jefferies Defendants are Jefferies Mortgage Finance, Inc., Jefferies & Co., Inc., Jefferies LLC, and Jefferies Group LLC.  (ECF No. 554 at 4 n.1).

Motion")), and the Jefferies Defendants' response to the Letter-Motion. (ECF No. 623 (the "Response")). For the reasons ser forth below, the Letter-Motion is DENIED.

## II. BACKGROUND

The factual background of this action is set out in detail in prior decisions issued by the Honorable Paul G. Gardephe and the undersigned. See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2021 WL 4173929 (S.D.N.Y. Sept. 14, 2021) ("Monterey Bay II"); Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., 531 F. Supp. 3d 673 (S.D.N.Y. 2021) ("Monterey Bay I").[2] The Court incorporates those factual summaries, and all defined terms.

## III. DISCUSSION

In the Letter-Motion, Plaintiffs request that the Court compel Mr. Handler to appear in-person for his deposition. (ECF No. 621 at 1–3). The Jefferies Defendants argue that because Plaintiffs have requested remote depositions for several of their witnesses, "Plaintiffs have availed themselves of the benefits of remote depositions" and cannot deprive Mr. Handler and the Jefferies Defendants of the same opportunity. (ECF No. 623 at 2). The Court agrees. Because "[w]hat is good and manageable for one side is appropriate for the other[,]" PC-41 DOE v. Poly Prep Country Day Sch., No. 20 Civ. 03628 (DG) (SJB), 2022 WL 420619, at *2 (E.D.N.Y. Jan. 20, 2022), Mr. Handler and the Jefferies Defendants are entitled to have his deposition proceed remotely.

Further, Plaintiffs note that Mr. Handler has expressed concerns over potential COVID-19 exposure. (ECF No. 621 at 3). Although Plaintiffs affirm that they "are willing to work with [the]

---

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted from case citations.

Jefferies [Defendants] to impose any safety precautions in order to proceed with this deposition in-person (including holding the deposition in a large conference room, limiting the number of people in the room, social distancing all parties in conformity with applicable guidelines, and having all parties besides the deponent wear masks during the deposition)[,]" (id.), the Response notes that there have been "at least two instances in which lawyers in this case advised that they had tested positive for Covid immediately after depositions in this case[.]"  (ECF No. 623 at 2).  Because "conducting depositions remotely is becoming the 'new normal[,]'"  Rouviere v. DePuy Orthopaedics, Inc., 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020), and Plaintiffs fail to make any showing that they would be prejudiced by conducting Mr. Handler's deposition remotely, (see ECF No. 621 (only conclusory alleging that "Plaintiffs will be prejudiced if Mr. Handler['s deposition] is not in-person")), the Plaintiffs have failed to demonstrate that Mr. Handler's deposition must take place in person.  See Rouviere, 471 F. Supp. 3d at 574 ("The hardship that would be caused to . . . witness(es) and [their] counsel by an in-person deposition is obvious."); Merritt v. United States, No. 18 Civ. 200, 2021 WL 8694352, at *2 (D. Vt. Aug. 23, 2021) ("Plaintiff has no 'right' to conduct in-person depositions."); Joffe v. King & Spalding LLP, No. 17 Civ. 3392 (VEC), 2020 WL 3453452, at *6 (S.D.N.Y. June 24, 2020) ("[I]n-person depositions pose a significantly greater risk of COVID-19 transmission than a remote deposition[.]"); see also In re Terrorist Attacks on Sept. 11, 2001, 337 F.R.D. 575, 579 (S.D.N.Y. 2020) ("[R]emote depositions are presumptively valid under the Federal Rules.").

### IV. CONCLUSION

For the reasons set forth above, the Letter-Motion is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 621.

Dated: New York, New York
February 2, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

4