# Exhibit 1

1  MELINDA E. LEMOINE (State Bar No. 235670)
   Melinda.Lemoine@mto.com
2  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
3  Fiftieth Floor
   Los Angeles, California 90071-3426
   Telephone:   (213) 683-9100
4  Facsimile:    (213) 687-3702

5

6  SCOTT S. BALBER (*pro hac vice*)
   EMILY ABRAHAMS (*pro hac vice*)
7  Scott.Balber@hsf.com
   Emily.Abrahams@hsf.com
8  HERBERT SMITH FREEHILLS NEW YORK LLP
   450 Lexington Avenue
9  New York, NY  10017
   Telephone:   (917) 542-7600
10 Facsimile:    (917) 542-7601

11 Attorneys for Defendants JEFFERIES MORTGAGE
   FINANCE, INC., JEFFERIES & COMPANY, INC.,
12 JEFFERIES LLC, and JEFFERIES GROUP LLC

13               UNITED STATES DISTRICT COURT

14     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

15 MONTEREY BAY MILITARY HOUSING,          Case No. 5:17-cv-04992-BLF (NC)
   LLC, MONTEREY BAY LAND, LLC,
16 MEADE COMMUNITIES LLC, FORT             **DEFENDANTS JEFFERIES**
   BLISS/WHITE SANDS MISSILE RANGE         **MORTGAGE FINANCE, INC.,**
17 HOUSING LP, RILEY COMMUNITIES           **JEFFERIES & COMPANY, INC.,**
   LLC, FORT LEAVENWORTH FRONTIER          **JEFFERIES LLC, AND JEFFERIES**
18 HERITAGE COMMUNITIES, I, LLC, FORT      **GROUP LLC'S RESPONSES AND**
   LEAVENWORTH FRONTIER HERITAGE           **OBJECTIONS TO PLAINTIFFS' FIRST**
19 COMMUNITIES, II, LLC, CARLISLE/         **SET OF REQUESTS FOR PRODUCTION**
   PICATINNY FAMILY HOUSING LP,
20 BRAGG COMMUNITIES LLC, FORT             Judge:   Hon. Beth Labson Freeman
   DETRICK/WALTER REED ARMY
21 MEDICAL CENTER LLC, PICERNE-FORT
   POLK FUNDING, LLC, RUCKER
22 COMMUNITIES LLC, STEWART HUNTER
   HOUSING LLC, SILL HOUSING, LLC,
23 AETC HOUSING LP, AMC WEST
   HOUSING LP, LACKLAND FAMILY
24 HOUSING, LLC, and VANDENBERG
   HOUSING LP,
25
                  Plaintiffs,
26
          vs.
27
   AMBAC ASSURANCE CORPORATION,
28 JEFFERIES MORTGAGE FINANCE, INC.,

1  JEFFERIES & COMPANY, INC.,
   JEFFERIES LLC, JEFFERIES GROUP LLC,
2  DANNY RAY, ANNANDALE
   PLANTATION, LLC, ANNANDALE
3  PLANTATION, LLC, and CHETAN
   MARFATIA,

4                    Defendants.

5

6  **Propounding Parties:** Monterey Bay Military Housing, LLC, Monterey Bay Land, LLC, Meade

7  Communities LLC, Fort Bliss/White Sands Missile Range Housing LP, Riley Communities LLC,

8  Fort Leavenworth Frontier Heritage Communities, I, LLC, Fort Leavenworth Frontier Heritage

9  Communities, II, LLC, Carlisle/Picatinny Family Housing LP, Bragg Communities LLC, Fort

10 Detrick/Walter Reed Army Medical Center LLC, Picerne-Fort Polk Funding, LLC, Rucker

11 Communities LLC, Stewart Hunter Housing LLC, Sill Housing, LLC, AETC Housing LP, AMC

12 West Housing LP, Lackland Family Housing, LLC, and Vandenberg Housing LP

13 **Responding Parties:** Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC,

14 and Jefferies Group LLC

15 **Set No: One**

16

17        Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District

18 of California, and any other applicable rules (together, "the Rules"), Jefferies Mortgage Finance,

19 Inc. ("JMFI"), Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC (together, the

20 "Jefferies Entities") hereby object and respond to Plaintiffs' First Set of Requests for Production,

21 dated and served on the Jefferies Entities on December 29, 2017 (the "Requests," each a

22 "Request") by all plaintiffs in the above-captioned action ("Plaintiffs") as follows:

23                         **RESERVATION OF RIGHTS**

24        This response is made solely for purposes of the above-referenced action.  The Jefferies

25 Entities reserve their right to amend, supplement, or withdraw their responses and objections to

26 the Requests.

27

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

2

The Jefferies Entities respond to the Requests pursuant to, subject to, and without waiving the General Objections, which are hereby incorporated into each of the individual responses and objections, and therefore need not be specifically repeated in such response or objection.  No specific response or objection to any individual Request is a waiver of any of the General Objections, nor does any specific objection to a particular Request in any way limit the application of the General Objections to that particular Request.

The Jefferies Entities also submit these responses and objections subject to, without waiving, and expressly preserving:  (1) any and all objections as to the propriety of the Requests or the competence, relevance, materiality, privilege, work product, and admissibility into evidence of any response or document produced in response to the Requests; (2) the right to object to other discovery procedures involving or relating to the subject matters of the Requests, or responses or documents produced in response to the Requests; and (3) the right to review, revise, amend, correct, supplement, add to, or clarify any of the responses or objections herein at any time.

The inadvertent production of any privileged or otherwise exempted or protected documents or information shall not be deemed to be a waiver of any applicable privilege, immunity, or other protection from discovery with respect to such document or information, or the subject matter thereof.  The Jefferies Entities hereby claim such privilege, exemption, and protection insofar as implicated in the Requests, and exclude privileged and otherwise exempted or protected information from its responses to the Requests.  Moreover, in the event of any claim of an inadvertent production, Plaintiffs must promptly return such information to the Jefferies Entities and may not use the information for any purpose.

Neither the Jefferies Entities' objection to any Request nor their agreement to produce any category of documents or information called for by a Request shall be interpreted to mean (nor does it mean) that any such category of documents or information in fact exists, and any such production will only consist of information that exists, is non-privileged, is in the exclusive possession, custody, and control of the Jefferies Entities, and can be found based on a reasonable,

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

3

good faith search.  This response is based on documents and information in the possession, custody, and control of the Jefferies Entities as of the date hereof.

**GENERAL OBJECTIONS**

1.        The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they purport to impose obligations beyond those required by the Rules.

2.        The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent they seek production of documents within 30 days of service of the Requests, as unreasonable in light of the court-ordered schedule and the parties' stipulated schedule for discovery.  The Jefferies Entities will produce documents, if any, within a reasonable amount of time.

3.        The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they:  (i) are overly broad or unduly burdensome, (ii) seek information or documents that are not relevant to any party's claim or defense or proportional to the needs of the case, or (iii) seek documents that are not within the possession, custody and control of the Jefferies Entities.

4.        The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they seek documents protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, including any right to privacy that any individual may have in any applicable jurisdiction.  Inadvertent disclosure of any such document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document, the subject matter thereof, or other documents, and shall not waive the right of the Jefferies Entities to object to the use of any such documents or information contained therein in this action or in any other proceeding.

5.        The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they require the Jefferies Entities

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

4

1   to provide documents to Plaintiffs that are equally available to the Plaintiffs as to the Jefferies

2   Entities.

3        6.      The Jefferies Entities object to the Requests, including the Definitions and

4   Instructions and each specific Request therein, as overly broad, unduly burdensome, and

5   unreasonable to the extent they call for documents or information already produced in response to

6   subpoenas and discovery requests issued in certain litigation between Ambac and one or more

7   Plaintiffs relating to the purported requirement that certain MHPI Projects must replace or cash

8   fund the Reserve Account, including but not limited to the case captioned *Monterey Bay Military*

9   *Housing LLC, and Monterey Bay Land LLC v. Ambac Assurance Corp.* 15-cv-000599 (Cal. Super.

10  Ct.).

11       7.      The Jefferies Entities object to the Requests, including the Definitions and

12  Instructions and each specific Request therein, to the extent that they call for the disclosure of

13  information or documents that may be confidential and/or proprietary, which information or

14  documents will be provided only pursuant to the entry of an appropriate confidentiality agreement

15  or protective order.

16       8.      The Jefferies Entities object to the Requests, including the Definitions and

17  Instructions and each specific Request therein, to the extent that they lack particularity and seek

18  production of "all" documents responsive to a particular description where the production of "all"

19  such documents is not relevant to any claim or defense of any party or to the subject matter

20  involved in this action and/or where the search for, collection of, or production of all such

21  documents would be unduly burdensome.

22       9.      The Jefferies Entities object to the Requests, including the Definitions and

23  Instructions and each specific Request therein, to the extent they fail to specify a time period, as

24  unreasonable in scope, unduly burdensome, and overbroad.  The Jefferies Entities state that,

25  except where otherwise noted, a time frame of December 2009 through 2012 is appropriate and

26  reasonable.

27

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

5

10.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they seek documents from a separate and distinct entity without properly serving that separate and distinct entity with a valid subpoena.

11.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they seek the production of documents that are not within the Jefferies Entities' possession, custody or control.

12.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they are vexatious, overbroad, burdensome, oppressive or unreasonable, seek information from the Jefferies Entities that could be obtained from some other source in a way that is more convenient, less burdensome or less expensive, or purport to impose obligations beyond those required by the Rules.  The Jefferies Entities will only produce those documents that can be reasonably obtained through good-faith efforts to identify responsive documents.

13.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they require the Jefferies Entities to search for and produce documents that are not centrally maintained by or on behalf of persons believed to have significant involvement in the matters at issue, as such requests seek to impose upon the Jefferies Entities unreasonably burdensome costs.

14.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they require the Jefferies Entities to search for and produce documents, including emails and similar electronic information, that are not reasonably accessible.

15.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they purport to require the Jefferies Entities to create documents or material.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

6

16.     The Jefferies Entities object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent that they purport to impose upon the Jefferies Entities a pre-discovery obligation to have obtained (or retained) complete sets of documents or communications relating to the MHPI Projects from GMAC (as defined in the Requests) as a result of JMFI's acquisition of certain assets from Capmark Finance Inc. and Capmark Capital Inc. in a sale pursuant to U.S. Bankruptcy Code §363, approved by a December 10, 2009 order of the United States Bankruptcy Court for the District of Delaware (the "GMAC Bankruptcy Sale"), and to the extent that they purport to impose upon the Jefferies Entities a pre-discovery obligation to have retained any and all documents or communications relating to the MHPI Projects following JMFI's sale of its military housing and servicing business to Guggenheim Loan Services Company, Inc. in 2012.

17.     The Jefferies Entities object to the definitions of the terms "Document," "Communication," and "Securitization Transaction," and any and all Requests incorporating those terms, on the grounds that they are vague, ambiguous and overbroad.

18.     The Jefferies Entities object to the definitions of "MHPI Project" and "MHPI Projects" and to any and all Definitions that incorporate that term, including "MHPI Developer," "MHPI Developers," and "Project Documents" on the grounds that the Jefferies Entities do not know the identity of all of the "privatized military housing projects in which Ambac Assurance Corporation served as Credit Enhancer." Therefore, such definitions are overbroad, vague, and ambiguous. The Jefferies Entities will construe the terms MHPI Project and MHPI Projects to mean military housing projects operated by the Plaintiffs to this action (the "Plaintiff MHPI Projects").

19.     The Jefferies Entities object to the definition of "Project Documents" as "all documents relating to the financial structure of the MHPI Projects," on the grounds that it is overbroad, vague, ambiguous, and would impose unduly burdensome obligations on the Jefferies Entities.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

7

20.     The Jefferies Entities object to the definitions of "Reserve Account Contract," "Servicer," "Lender," and "Borrower," on the grounds that they incorporate the definition of "Project Documents" and are therefore overbroad, vague, and ambiguous, and would impose unduly burdensome obligations on the Jefferies Entities.

21.     The Jefferies Entities object to the definition of "Ambac" on the grounds that the Jefferies Entities do not know the identity of "all of [Ambac's] current and former affiliates, subsidiaries, directors, officers, managing members, members, employees, agents, and other persons acting on their behalf."  Therefore, such definition is overbroad, vague, and ambiguous.

22.     The Jefferies Entities object to the definition of "GMAC" on the grounds that the Jefferies Entities do not know the identity of "all of [GMAC's] current and former affiliates, subsidiaries, directors, officers, managing members, members, employees, agents, and other persons acting on their behalf."  Therefore, such definition is overbroad, vague, and ambiguous.

23.     The Jefferies Entities object to the definition of "You" or "Your" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.  For the purpose of responding to the Requests, the Jefferies Entities will interpret "You" and "Your" to mean only the Jefferies Entities, defined above as JMFI, Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC.

24.     The Jefferies Entities object to Instruction No. 2 on the grounds that it purports to compel the Jefferies Entities to comply with an Order that has not yet been entered by the Court.

25.     The Jefferies Entities object to Instruction No. 8 on the grounds that it seeks to compel the Jefferies Entities to prepare a privilege log in compliance with a subsection of the Federal Rules of Civil Procedure that does not exist, and thus purports to impose upon the Jefferies Entities obligations that exceed the scope of the Rules.

26.     The Jefferies Entities reserve the right to state that no responsive documents exist for any category.  Responses to requests do not constitute an admission that responsive documents exist.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

8

27.     The Jefferies Entities reserve the right to supplement and/or amend their responses to the Requests should additional information or responsive documents be located.

### SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**

All Documents and Communications, including drafts, provided to any MHPI Project, MHPI Developer, the United States Army, the United States Air Force, or their retained consultants, including but not limited to Jones Lang LaSalle, relating to any debt competition and/or any attempt to be selected to provide any services to the MHPI Projects, including but not limited to responses to Requests for Proposals.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action and entities within their control, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined term "related to any debt competition" as vague, ambiguous, and overbroad.  The Jefferies Entities further specifically object to the undefined term "retained consultants" as vague, ambiguous, and overbroad because the Jefferies Entities do not know the identities of the "retained consultants" referenced therein.  The Jefferies Entities also object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges.  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the Plaintiff MHPI Projects, identified after a reasonable search.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (CASE NO. 5:17-cv-04992-BLF (NC))

9

**DOCUMENT REQUEST NO. 2**

All Documents and Communications relating to any site visit by You or others to the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents, sufficient to identify any site visits by the Jefferies Entities to the Plaintiff MHPI Projects, identified after a reasonable search.

**DOCUMENT REQUEST NO. 3**

All Documents and Communications regarding the financing structure or proposed financing structure of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined terms "financing structure" and "proposed financing structure" as vague, ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges.  Subject to and without

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

10

1  waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged

2  documents relating to the two financing transactions (Fort Sill and Fort Bliss) for which JMFI is

3  alleged in the Complaint to have acted as a commercial lender to Plaintiffs Sill Housing LLC and

4  Fort Bliss/White Sands Missile Range Housing LP in 2010 and 2012, respectively (together, the

5  "JMFI Transactions"), identified after a reasonable search.

6  **DOCUMENT REQUEST NO. 4**

7      All commitment letters to the MHPI Projects from GMAC, Jefferies, and/or Ambac,

8  including draft commitment letters and final and all executed versions.

9  **RESPONSE:**

10      The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

11  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

12  claim or defense or not proportional to the needs of the case, purports to seek information more

13  readily available from other sources, including the Plaintiffs in this action, and seeks documents

14  that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies

15  Entities further object to this request to the extent it seeks the production of documents protected

16  by the attorney-client privilege, the work product doctrine, or any other applicable privileges.

17  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

18  responsive, non-privileged documents relating to the JMFI Transactions, identified after a

19  reasonable search.

20  **DOCUMENT REQUEST NO. 5**

21      All Documents and Communications, including drafts, relating to any portions of the

22  Community Development and Management Plan ("CDMP") describing the financing structure for

23  any MHPI Project and/or services to be provided by GMAC, Jefferies or Ambac to the MHPI

24  Projects.

25  **RESPONSE:**

26      The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

27  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

11

claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

**DOCUMENT REQUEST NO. 6**

All Documents and Communications regarding the nature and scope of services that could or would be provided to any MHPI Project by GMAC, Jefferies, or Ambac.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

12

**DOCUMENT REQUEST NO. 7**

All Documents and Communications relating to any fee arrangements, payments, or process for remuneration between You and any other Defendant or GMAC.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. The Jefferies Entities further object to this request to the extent it calls for the disclosure of information or documents that relate to or contain confidential, personal, private, or sensitive employee information or to the extent that the Jefferies Entities are prohibited from disclosing such information or documents pursuant to contract or applicable law. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 8**

All Communications, including with credit committees, relating to MHPI Project financings and the solicitation of the purchase of certificates or bonds of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further specifically object to the undefined term "credit committees" as undefined, vague,

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

13

1  ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it

2  seeks the production of documents protected by the attorney-client privilege, the work product

3  doctrine or any other applicable privileges.  Subject to and without waiving the foregoing

4  objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the

5  JMFI Transactions, identified after a reasonable search.

6  **DOCUMENT REQUEST NO. 9**

7        All Documents and Communications relating to Ambac's role as credit enhancer at any

8  MHPI Project after 2006, including but not limited to Ambac's role as credit enhancer from that

9  time forward, disclosure of Ambac's role as credit enhancer to the MHPI Projects as well as all

10  Documents and Communications regarding requests that credit enhancement be bid out as part of

11  the financing of the MHPI Projects.

12  **RESPONSE:**

13        The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

14  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

15  claim or defense or not proportional to the needs of the case, purports to seek information more

16  readily available from other sources, including the Plaintiffs in this action, and seeks documents

17  that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies

18  Entities further object to this request to the extent it seeks the production of documents protected

19  by the attorney-client privilege, the work product doctrine or any other applicable privileges.

20  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

21  responsive, non-privileged documents relating to the JMFI Transactions, identified after a

22  reasonable search.

23  **DOCUMENT REQUEST NO. 10**

24        All Documents and Communications relating to the marketing and/or sale of interests

25  (including bonds or certificates) in any securitized loan to the MHPI Projects, including all

26  Documents regarding communications with potential investors or purchasers, and All Documents

27

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

14

1  and Communications relating to any commitment to purchase and the settlement of such purchase

2  or sale.

3  **RESPONSE:**

4     The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

5  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

6  claim or defense or not proportional to the needs of the case, purports to seek information more

7  readily available from other sources, including the Plaintiffs in this action, and seeks documents

8  that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies

9  Entities further specifically object to the undefined term "commitment to purchase" as vague,

10  ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it

11  seeks the production of documents protected by the attorney-client privilege, the work product

12  doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to

13  the extent that it calls for the disclosure of information or documents that relate to or contain

14  proprietary or confidential, personal, private, or sensitive business information, trade secrets,

15  competitively sensitive information, or private consumer financial information belonging to the

16  Jefferies Entities and/or their clients, or to the extent that the Jefferies Entities are prohibited from

17  disclosing such information or documents pursuant to contract or applicable law, including but not

18  limited to information or documents that relate to client transactions.  Subject to and without

19  waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer

20  regarding this request.

21  **DOCUMENT REQUEST NO. 11**

22     All Documents and Communications relating to how the interest rates charged to the

23  MHPI Projects were set, including but not limited to Documents and Communications with the

24  trading desks of Jefferies and GMAC.

25  **RESPONSE:**

26     The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

27  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

15

claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

**DOCUMENT REQUEST NO. 12**

All Documents and Communications regarding how the credit spread was determined for the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

(CASE NO. 5:17-cv-04992-BLF (NC))

16

**DOCUMENT REQUEST NO. 13**

All Documents and Communications relating to the Original Issue Discount ("OID") used in connection with the financing of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

**DOCUMENT REQUEST NO. 14**

All Communications with the MHPI Projects, MHPI Developers, the United States Army, the United States Air Force, or their retained consultants, including but not limited to Jones Lang LaSalle relating to how the Original Issue Discount ("OID") was determined.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. The Jefferies Entities further object to this request to the extent it is duplicative of Request No. 13.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

17

1  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

2  responsive, non-privileged documents relating to the JMFI Transactions, identified after a

3  reasonable search.

4  **DOCUMENT REQUEST NO. 15**

5      All Documents and Communications relating to or reflecting profits earned or revenue

6  generated as a result of the Original Issue Discount ("OID").

7  **RESPONSE:**

8      The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

9  unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense

10  or not proportional to the needs of the case, purports to seek information more readily available

11  from other sources, including the Plaintiffs in this action, and seeks documents that are not within

12  the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to

13  this request to the extent it seeks the production of documents protected by the attorney-client

14  privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities

15  further object to this request to the extent it is duplicative of Request Nos. 13 and 14.  Subject to

16  and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and

17  confer on this request.

18  **DOCUMENT REQUEST NO. 16**

19      All Documents and Communications relating to any "interest only strip" or "interest only

20  strips" which were created in connection with either the financing of the MHPI Projects or

21  subsequent securitization of the MHPI Projects' loans.

22  **RESPONSE:**

23      The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

24  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

25  claim or defense or not proportional to the needs of the case, purports to seek information more

26  readily available from other sources, including the Plaintiffs in this action, and seeks documents

27  that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

18

1  Entities further object to this request to the extent it seeks the production of documents protected

2  by the attorney-client privilege, the work product doctrine or any other applicable privileges.

3  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

4  responsive, non-privileged documents relating to the JMFI Transactions, identified after a

5  reasonable search.

6  **DOCUMENT REQUEST NO. 17**

7         All Documents and Communications with any third party rating agency, including but not

8  limited to Standard & Poor's, Moody's and Fitch, regarding the MHPI Projects.

9  **RESPONSE:**

10        The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

11  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

12  claim or defense or not proportional to the needs of the case, purports to seek information more

13  readily available from other sources, including the Plaintiffs in this action, and seeks documents

14  that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies

15  Entities further object to this request to the extent it seeks the production of documents protected

16  by the attorney-client privilege, the work product doctrine or any other applicable privileges.

17  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

18  responsive, non-privileged documents relating to the JMFI Transactions, identified after a

19  reasonable search.

20  **DOCUMENT REQUEST NO. 18**

21        All Documents and Communications regarding any profits earned by GMAC or Jefferies

22  in any way relating to the MHPI Projects, and regarding the portion of such profits paid to You.

23  **RESPONSE:**

24        The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

25  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

26  claim or defense or not proportional to the needs of the case, and seeks documents that are not

27  within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

19

object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 7 and 15. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 19**

All Communications sent to or received from annandale.plantation@gmail.com.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the other parties to this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of any other requests.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 20**

All Documents and Communications Subject to the Superior Court of Monterey court order dated June 1, 2017 (the "Monterey Forensic Order") in *Monterey Bay Military Housing LLC and Monterey Bay Land LLC v. Ambac Assurance Corporation*, Case No. 15CV000599 in the Superior Court of the State of California, County of Monterey.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

20

from other sources, seeks documents that are not within the possession, custody and control of the Jefferies Entities, and seeks documents already in Plaintiffs' possession.  The Jefferies Entities further object to this request on the grounds that it seeks to compel discovery relating to an order on appeal, entered in a separate litigation, which is no longer pending.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of any other requests.

**DOCUMENT REQUEST NO. 21**

All Communications with Jefferies' attorneys prior to entry of the Superior Court of Monterey court order dated June 1, 2017 (the "Monterey Forensic Order") in *Monterey Bay Military Housing LLC and Monterey Bay Land LLC v. Ambac Assurance Corporation*, Case No. 15CV000599 in the Superior Court of the State of California, County of Monterey relating to the March 16, 2016 subpoena issued to Jefferies Mortgage Finance, Inc. in *Monterey Bay Military Housing LLC and Monterey Bay Land LLC v. Ambac Assurance Corporation*, Cal. Super. Ct. Case No. 15CV000599.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it expressly seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request on the grounds that it is ambiguous, overbroad, and not relevant to any party's claim or defense or not proportional to the needs of the case.  The Jefferies Entities further object to this request to the extent it is duplicative of any other requests.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

21

**DOCUMENT REQUEST NO. 22**

All Documents relating to returns, revenue, or profits made by Jefferies in connection with financing the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, seeks documents that are not within the possession, custody and control of the Jefferies Entities, and seeks documents already in Plaintiffs' possession. The Jefferies Entities further specifically object to the undefined term "returns" as vague, ambiguous, and overbroad. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 7 and 18. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 23**

All Documents relating to returns, revenue, or profits made by Jefferies in connection with providing loan servicing to the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, seeks documents that are not within the possession, custody and control of the Jefferies Entities, and seeks documents already in Plaintiffs' possession. The Jefferies Entities further specifically object to the undefined terms "loan servicing" and "returns" as undefined, vague, ambiguous, and overbroad. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

22

privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 7, 18, and 22.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 24**

All Communications relating to the financing of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, seeks documents that are not within the possession, custody and control of the Jefferies Entities, and seeks documents already in Plaintiffs' possession.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of all prior requests.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 25**

All Communications relating to Jefferies' credit committee and the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, and seeks information not relevant to any party's claim or defense or not proportional to the needs of the case.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 8, 18, 22, and 24.  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

23

1  responsive, non-privileged documents relating to the JMFI Transactions, identified after a

2  reasonable search.

3  **DOCUMENT REQUEST NO. 26**

4      All Communications between Dan Ray and Fred Orlan relating to the MHPI Projects.

5  **RESPONSE:**

6      The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

7  unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

8  claim or defense or not proportional to the needs of the case, purports to seek information more

9  readily available from other sources, and seeks documents already in Plaintiffs' possession.  The

10 Jefferies Entities further object to this request to the extent it seeks the production of documents

11 protected by the attorney-client privilege, the work product doctrine or any other applicable

12 privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of any

13 prior requests.  Subject to and without waiving the foregoing objections, the Jefferies Entities are

14 amenable to a meet and confer regarding this request.

15 **DOCUMENT REQUEST NO. 27**

16     All Documents and Communications, including any reports or analyses, relating to due

17 diligence and Jefferies' purchase of the MHPI financing business from GMAC.

18 **RESPONSE:**

19     The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

20 unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense

21 or not proportional to the needs of the case, and seeks documents that are not within the

22 possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically

23 object to the undefined term "financing business" as vague, ambiguous, and overbroad.  The

24 Jefferies Entities further object to this request to the extent it seeks the production of documents

25 protected by the attorney-client privilege, the work product doctrine or any other applicable

26 privileges.  The Jefferies Entities further object to the extent that this request is duplicative of

27 Request Nos. 1, 6, 18, 22, and 24.  Subject to and without waiving the foregoing objections, the

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

24

1  Jefferies Entities will produce responsive, non-privileged documents relating to the GMAC

2  Bankruptcy Sale, during the time period in which due diligence concerning the GMAC

3  Bankruptcy Sale took place, identified after a reasonable search.

4  **DOCUMENT REQUEST NO. 28**

5       All Documents and Communications, including any reports or analyses, relating to due

6  diligence and Jefferies' purchase of the MHPI loan servicing business from GMAC.

7  **RESPONSE:**

8       The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

9  unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense

10 or not proportional to the needs of the case, and seeks documents that are not within the

11 possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically

12 object to the undefined term "loan servicing business" as vague, ambiguous, and overbroad.  The

13 Jefferies Entities further object to this request to the extent it seeks the production of documents

14 protected by the attorney-client privilege, the work product doctrine or any other applicable

15 privileges.  The Jefferies Entities further object to the extent that this request is duplicative of

16 Request Nos. 1, 6, 18, 23, and 27.  Subject to and without waiving the foregoing objections, the

17 Jefferies Entities will produce responsive, non-privileged documents relating to the GMAC

18 Bankruptcy Sale during the time period in which due diligence concerning the GMAC Bankruptcy

19 Sale took place, identified after a reasonable search.

20 **DOCUMENT REQUEST NO. 29**

21      All Communications between Dan Ray and any representative of the MHPI Projects,

22 MHPI Developers, the United States Army, the United States Air Force, or their retained

23 consultants, including but not limited to Jones Lang LaSalle.

24 **RESPONSE:**

25      The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

26 unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

27 claim or defense or not proportional to the needs of the case, purports to seek information more

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

25

readily available from other sources, seeks documents that are not within the possession, custody and control of the Jefferies Entities, and seeks documents already in Plaintiffs' possession.  The Jefferies Entities further specifically object to the undefined terms "representative" and "retained consultants" as vague, ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to the extent that this request is duplicative of Request Nos. 1 and 26.  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

**DOCUMENT REQUEST NO. 30**

All Documents and Communications relating to the selection of Ambac as credit enhancer for the MHPI Projects, including but not limited to any Communications detailing the reasons for the selection of Ambac and/or the benefits of selecting Ambac.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to the extent that this request is duplicative of Request No. 9.  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

26

**DOCUMENT REQUEST NO. 31**

All Documents and Communications relating to or describing the role of the credit enhancer for the MHPI Projects, including any Documents discussing the benefits of a financial structure that included a credit enhancer.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. The Jefferies Entities further object to the extent that this request is duplicative of Request Nos. 9 and 30. Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents relating to the JMFI Transactions, identified after a reasonable search.

**DOCUMENT REQUEST NO. 32**

All Documents and Communications relating to the negotiation of the Project Documents, including but not limited to drafts of Project Documents, mark-ups of Project Documents, and summaries relating to such negotiations (including but not limited to any summaries of outstanding deal points).

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further object to

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

27

1  this request to the extent it seeks the production of documents protected by the attorney-client

2  privilege, the work product doctrine or any other applicable privileges.  Subject to and without

3  waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged

4  documents relating to the JMFI Transactions, identified after a reasonable search.

5  **DOCUMENT REQUEST NO. 33**

6          All Communications among or between You and Ambac relating to Ambac's standing to

7  assert the rights of the Servicer of Lender under the Project Documents, including but not limited

8  to purported requirement to cash fund or replace the Reserve Account Contract under the Project

9  Documents.

10  **RESPONSE:**

11         The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

12  unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense

13  or not proportional to the needs of the case, purports to seek information more readily available

14  from other sources, including the Plaintiffs in this action, and seeks documents that are not within

15  the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to

16  this request to the extent it seeks the production of documents protected by the attorney-client

17  privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities

18  further object to this request to the extent that it is duplicative of Request No. 9.  Subject to and

19  without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer

20  regarding this request.

21

22

23

24

25

26

27

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

28

**DOCUMENT REQUEST NO. 34**

All Communications with the owner-entities or Borrowers for any MHPI Projects, MHPI Developers, the United States Army, the United States Air Force, or their retained consultants, including but not limited to Jones Lang LaSalle, relating to any request for waiver of the purported requirement to cash fund or replace the Reserve Account under the Project Documents.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined term "retained consultants" as vague, ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent that it is duplicative of Request No. 29.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

29

**DOCUMENT REQUEST NO. 35**

All Documents relating to bonds (or any other investments, securities or financial products relating to or containing such bonds in their associated cash flows) issued in connection with the MHPI Projects that have been owned directly or indirectly by Ambac at any time, including but not limited to all Documents that discuss or relate to the value of such bonds, any efforts by Ambac or third parties to buy or sell such bonds (or other investments securities, or financial products related to or containing such bonds or their associated cash flows), or the issue of whether such bonds (or other investments, securities or financial products related to or containing such bonds or their associated cash flows) would increase in value if the Reserve Account Contract was issued by an entity with the ratings specified under the Project Documents.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request No. 9. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 36**

All Documents and Communications relating to any analysis of the purported obligation of Borrower(s) to cash fund or replace the Reserve Account Contract under the Project Documents.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

30

or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 33, 34, and 35.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 37**

All Documents and Communications relating to any presentations or analysis by You or any party regarding the debt service reserve issue or the purported obligation of Borrower(s) to cash fund or replace the Reserve Account Contract as a result of Ambac's credit downgrades, including but not limited to any presentations by Jefferies or any other party related to such topics, and any comments to or drafts of such documents (see, e.g., Jefferies presentation dated May 6, 2010 titled "Debt Service Reserve Fund Issues and Solutions for Military Housing Borrowers and Investors").

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined term "debt service reserve issue" as vague, ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

31

duplicative of Request Nos. 33, 34, 35, and 36.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 38**

All Documents and Communications among or between You and Ambac relating to the decision by Ambac to file lawsuits against any MHPI Project relating to the purported requirement to replace or cash fund the Reserve Account Contract or relating to any ongoing litigation between Ambac and any MHPI Project relating to the purported requirement to replace or cash fund the Reserve Account Contract.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 33, 34, 35, 36, and 37. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 39**

All closing statements, or substantially similar documents, relating to any Securitization Transaction involving any of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

32

that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined term "closing statements, or substantially similar documents" as vague, ambiguous, and overbroad.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 40**

All offering statements or memoranda, or substantially similar documents, relating to a Securitization Transaction involving any of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined term "substantially similar documents" as vague, ambiguous, and overbroad and unduly burdensome.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

33

**DOCUMENT REQUEST NO. 41**

All Communications with Ambac, including but not limited to any Ambac employee or agent, or with any bond holders, or prospective bond holders, relating to a Securitization Transaction involving any of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities. The Jefferies Entities further specifically object to the undefined term "prospective bond holders" as vague, ambiguous, and overbroad and unduly burdensome. The Jefferies Entities further object to this request to the extent that it calls for the disclosure of information or documents that relate to or contain proprietary or confidential, personal, private, or sensitive business information, trade secrets, competitively sensitive information, or private consumer financial information belonging to the Jefferies Entities and/or their clients, or to the extent that the Jefferies Entities are prohibited from disclosing such information or documents pursuant to contract or applicable law, including but not limited to information or documents that relate to client transactions. The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges. The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 10, 39, and 40. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

34

**DOCUMENT REQUEST NO. 42**

All private placement memoranda, or substantially similar documents, relating to a Securitization Transaction involving any of the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further specifically object to the undefined term "substantially similar documents" as vague, ambiguous, and overbroad and unduly burdensome.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 10, 39, 40, and 41.  Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 43**

All Documents and Communications relating to the consideration of whether to attempt to get a rating (from a rating agency such as S&P or Moody's) for any of the MHPI Projects in which Ambac was the credit enhancer, and relating to any ratings or shadow ratings provided either pre- or post-closing.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's claim or defense or not proportional to the needs of the case, purports to seek information more readily available from other sources, including the Plaintiffs in this action, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

35

by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The

Jefferies Entities further object to this request to the extent it is duplicative of Request No. 17.

Subject to and without waiving the foregoing objections, the Jefferies Entities will produce

responsive, non-privileged documents relating to the JMFI Transactions, identified after a

reasonable search.

**DOCUMENT REQUEST NO. 44**

All Documents and Communications relating to or addressing the destruction or retention

of Documents by You, including but not limited to any policy, procedure, guideline, manual, rule

or provision, whether formal or informal.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

claim or defense or not proportional to the needs of the case, and purports to seek information

more readily available from other sources.  The Jefferies Entities further object to this request to

the extent it seeks the production of documents protected by the attorney-client privilege, the work

product doctrine or any other applicable privileges.  The Jefferies Entities further object to this

request to the extent it is duplicative of Request No. 21.  Subject to and without waiving the

foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this

request.

**DOCUMENT REQUEST NO. 45**

All Documents and Communications relating to the destruction or retention of Documents

created by or in the possession of Your employees, former employees, agents or former agents,

including but not limited to Dan Ray, Craig Sands, Rob McIntire, James Parsley, Peter Rolewicz,

or other individuals involved with the MHPI Projects.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad and

unduly burdensome, unreasonable in temporal scope, seeks information not relevant to any party's

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

36

claim or defense or not proportional to the needs of the case, and seeks documents that are not within the possession, custody and control of the Jefferies Entities.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 21 and 44. Subject to and without waiving the foregoing objections, the Jefferies Entities are amenable to a meet and confer regarding this request.

**DOCUMENT REQUEST NO. 46**

All Communications between You and Danny Ray relating to the subpoenas served on either You or Danny Ray in *Monterey Bay Military Housing LLC and Monterey Bay Land LLC v. Ambac Assurance Corporation*, Case No. 15CV000599 in the Superior Court of the State of California, County of Monterey.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it expressly seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request on the grounds that it is ambiguous, overbroad, and not relevant to any party's claim or defense or not proportional to the needs of the case.  The Jefferies Entities further object to this request to the extent it is duplicative of Request Nos. 21, 44, and 45.

**DOCUMENT REQUEST NO. 47**

All Communications between You and Danny Ray relating to any declarations submitted on either Your or Danny Ray's behalf in *Monterey Bay Military Housing LLC and Monterey Bay Land LLC v. Ambac Assurance Corporation*, Case No. 15CV000599 in the Superior Court of the State of California, County of Monterey.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it expressly seeks the production of documents protected by the attorney-client privilege, the work-product doctrine or

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

37

1    any other applicable privilege.  The Jefferies Entities further object to this request on the grounds

2    that it is ambiguous, overbroad, and not relevant to any party's claim or defense or not

3    proportional to the needs of the case.  The Jefferies Entities further object to this request to the

4    extent it is duplicative of Request Nos. 21, 44, 45, and 46.

5    **DOCUMENT REQUEST NO. 48**

6        All Documents previously produced by You in response to Inspection Demands, Requests

7    for Production or Subpoenas in connection with litigation between Ambac and certain of the

8    MHPI Projects, including but not limited to *Monterey Bay Military Housing LLC and Monterey*

9    *Bay Land LLC v. Ambac Assurance Corporation*, Case No. 15CV000599 in the Superior Court of

10    the State of California, County of Monterey.

11    **RESPONSE:**

12        The Jefferies Entities object to this request on the grounds that it is overbroad and unduly

13    burdensome, seeks information not relevant to any party's claim or defense or not proportional to

14    the needs of the case, purports to seek information more readily available from other sources, and

15    seeks documents already in Plaintiffs' possession.  The Jefferies Entities further object to this

16    request to the extent it is duplicative of Request Nos. 21, 46, and 47.

17    **DOCUMENT REQUEST NO. 49**

18        All Documents and Communications relating to any claims by Plaintiffs against You.

19    **RESPONSE:**

20        The Jefferies Entities object to this request on the grounds that it is vague, overbroad,

21    premature, unduly burdensome, purports to seek information more readily available from other

22    sources, seeks documents that are not within the possession, custody and control of the Jefferies

23    Entities, and seeks documents already in Plaintiffs' possession.  The Jefferies Entities further

24    object to this request to the extent it seeks the production of documents protected by the attorney-

25    client privilege, the work product doctrine or any other applicable privileges.  The Jefferies

26    Entities further object to this request to the extent it is duplicative of all prior requests.

27

28

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

38

**DOCUMENT REQUEST NO. 50**

All Documents and Communications which support any of Your affirmative defenses.

**RESPONSE:**

The Jefferies Entities object to this request on the grounds that it is vague, overbroad, premature, unduly burdensome, purports to seek information more readily available from other sources, seeks documents that are not within the possession, custody and control of the Jefferies Entities, and seeks documents already in Plaintiffs' possession.  The Jefferies Entities further object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privileges.  The Jefferies Entities further object to this request to the extent it is duplicative of all prior requests.  Subject to and without waiving the foregoing objections, the Jefferies Entities will produce responsive, non-privileged documents, identified after a reasonable search.

Dated: February 28, 2018

By:   */s/ Scott S. Balber*

Melinda E. LeMoine (State Bar No. 235670)
MUNGER, TOLLES & OLSON LLP
Email:  Melinda.Lemoine@mto.com
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Scott S. Balber (*pro hac vice*)
HERBERT SMITH FREEHILLS
  NEW YORK LLP
Email: Scott.Balber@hsf.com
450 Lexington Avenue
New York, NY  10017
Telephone: (917) 542-7600
Facsimile: (917) 542-7601

*Attorneys for Defendants Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC*

JEFFERIES ENTITIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
(CASE NO. 5:17-cv-04992-BLF (NC))

39

1

## **CERTIFICATE OF SERVICE**

2

3          I certify that on February 28, 2018, I caused a true and correct copy of the foregoing

4 Jefferies Entities' Responses and Objections to Plaintiffs' First Set of Requests for Production to be

5 served via electronic mail, as per agreement upon the parties below:

6

Jeffrey L.Willian
Donna M. Welch
7 Benjamin T. Kurtz
Yates M. French
8 KIRKLAND & ELLIS LLP
300 North LaSalle
9 Chicago, IL 60654
Telephone:  (312) 862-2000
10 Facsimile:  (312) 862-2200
Email:  jwillian@kirkland.com
11 Email:  dwelch@kirkland.com
Email:  bkurtz@kirkland.com
12 Email:  yfrench@kirkland.com
*Attorneys for Plaintiffs*
13

Steven G. Madison
Noah Samuel Helpern
Thomas Scott Mills, Jr.
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 433-3000
Facsimile:  (213) 443-3100
Email:  stevemadison@quinnemanuel.com
Email:  noahhelpern@quinnemanuel.com
Email:  scottmills@quinnemanuel.com
*Attorneys for Defendant Ambac Assurance
Corporation*

14

15 David L. Goldberg
Christian T. Kemnitz
16 Zachary Denver
KATTEN, MUCHIN, ROSENMAN LLP
17 575 Madison Avenue
New York, NY 10022
18 Telephone:  (212) 940-6787
Facsimile:  (212) 940-8776
19 Email:  david.goldberg@kattenlaw.com
Email:  christian.kemnitz@kattenlaw.com
20 Email:  Zachary.denver@kattenlaw.com

21

Reed Brodsky
Anne Champion
Amer S. Ahmed
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
Email:  rbrodsky@gibsondunn.com
Email:  achampion@gibsondunn.com
Email:  aahmed@gibsondunn.com

22 Yonaton M. Rosenzweig
KATTEN, MUCHIN, ROSENMAN LLP
23 2029 Century Park East
Suite 2600
24 Los Angeles, CA 90067
Telephone:  (310) 788-4400
25 Facsimile:  (310) 788-4471
Email:  yoni.rosenzweig@kattenlaw.com
26 *Attorneys for Defendant Chetan Marfatia*

Robert E. Dunn
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Rd.
Palo Alto, CA 94304-1211
Telephone:  (650) 849-5834
Facsimile:  (650) 849-5084
Email:  rdunn@gibsondunn.com

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joseph R. Rose
Stephen W. Henrick
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  (415) 393-8200
Facsimile:  (415) 393-8306
Email:  jrose@gibsondunn.com
Email:  shenrick@gibsondunn.com
*Attorneys for Danny Ray, Annandale Plantation, LLC, and Annandale Plantation, LLC*

Dated: February 28, 2018

By:  */s/ Scott S. Balber*

Melinda E. LeMoine (State Bar No. 235670)
MUNGER, TOLLES & OLSON LLP
Email:  Melinda.Lemoine@mto.com
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Scott S. Balber (*pro hac vice*)
HERBERT SMITH FREEHILLS
  NEW YORK LLP
Email: Scott.Balber@hsf.com
450 Lexington Avenue
New York, NY  10017
Telephone: (917) 542-7600
Facsimile: (917) 542-7601

*Attorneys for Defendants Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC*