# Exhibit 8



Marcus T. Strong
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
mstrong@brownrudnick.com

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7809
E  john.odonnell@hsf.com
www.herbertsmithfreehills.com

Date
February 06 2023

By email

Re:   *Monterey Bay Mil. Housing, LLC et al. v. Ambac Assurance Corp., et al.*
      <u>Case No. 1:19-cv-9193 (PGG) (SLC) (S.D.N.Y.)</u>

Dear Counsel:

We write on behalf of defendants Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC (collectively, the "Jefferies Entities") in response to your letter dated January 23, 2023 raising purported deficiencies in the Jefferies Entities' (and other defendants') productions to date.

Contrary to your letter's contention, the Jefferies Entities have not "omitted or withheld multiple categories of documents that are responsive to Plaintiffs' [document] requests" in this action.  To the contrary, the Jefferies Entities have utilized the exact search process demanded by Plaintiffs to identify documents requested by Plaintiffs, and have produced every single non-privileged document concerning the Plaintiffs that they have identified.  Plaintiffs' last-ditch effort to manufacture a dispute over documents is also untimely.  Accordingly, the Jefferies Entities view their document productions as complete and do not intend to search for or produce additional documents in response to your letter.

   I.   **Plaintiffs' New Requests Are Untimely**

Plaintiffs served their First Request for Production of Documents directed to the Jefferies Entities over five years ago on or about December 29, 2017.  The Jefferies Entities have made twenty productions totaling approximately 140,000 documents in this action, in addition to the over 143,000 documents produced in response to subpoenas in California state court.  The Jefferies Entities made their first production in this case on September 10, 2018, over two and a half years before Plaintiffs produced a

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
February 06 2023
Letter to
Marcus T. Strong

single document.  The Jefferies Entities' most recent production (comprising 585 documents) was made on November 1, 2022.  Of the approximately 280,000 documents produced by the Jefferies Entities, 99% of them (278,291) were produced before September 8, 2021—over a year before the written discovery deadline.

On September 13, 2021, the Court entered an Order setting a January 21, 2022 deadline for substantial completion of document production.  *See* ECF No. 366.  That deadline has never been extended.  *See* ECF No. 472 (Amended Civil Case Management Plan and Scheduling Order dated May 31, 2022); ECF No. 528 (Order extending certain case deadlines); ECF No. 580 (Order extending deadline to serve contention interrogatories).

The September 13, 2021 scheduling order set a May 30, 2022 deadline for the parties to serve "all written discovery."  *See* ECF No. 366 at ¶ 7(b).  That deadline was subsequently extended to December 27, 2022.  *See* ECF No. 528 at ¶ 3.  Plaintiffs had a year and a half to review the documents produced by the Jefferies Entities and raise any deficiencies in the Jefferies Entities' productions and did not do so.

The new requests for documents, made one month before the fact deposition deadline and almost one month after the deadline to serve written discovery are clearly untimely.  *See Ashu Shukla v. Deloitte Consulting LLP*, 2021 WL 2414861, at *3 (S.D.N.Y. June 14, 2021) (document request served by letter four days after deadline to serve written discovery were untimely and receiving party was "relieved of any obligation to respond to, object to or product documents" responsive to the requests).[1]

## II. Plaintiffs' Letter and New Requests Reflect a Misunderstanding of the Document Collection

### A. There is no basis to assume that any of the Jefferies Entities are in possession of any additional, relevant GMAC or Capmark documents.

The Jefferies Entities' extensive collection and review of legacy GMAC and Capmark documents has been addressed repeatedly in correspondence and before the Court, including in a letter dated January 3, 2022.  To the extent that records relating to the military housing servicing business were received from Capmark in 2009, they were stored in the "MH Servicing" directory.  *See* ECF No. 208 ¶ 8(b).  Additional legacy documents were located in sources in the possession of particular custodians.  *See id.* at ¶¶ 8(c)-(d).  The Jefferies Entities have searched the historic Capmark and GMAC documents in their possession and have produced over 17,000 responsive documents to Plaintiffs.  Plaintiffs have no basis to assert that any legacy GMAC and Capmark documents were transferred to any of the Jefferies Entities and not searched.  This issue has long been settled.

---

[1]   Plaintiffs purported to serve a Third Set of Requests for Production to the Jefferies Entities with their letter on January 23, 2023.  For the same reasons that the demands in the January 23, 2023 letter are untimely and without merit, these new document requests are wholly improper.  The Jefferies Entities do not intend to respond further to the untimely requests.



Date
February 06 2023
Letter to
Marcus T. Strong

    B.   Any objection to the completeness of the collection of documents in the Jefferies Entities possession is not well founded.

Plaintiffs identify three categories of documents that they claim are "missing" from the Jefferies' Entities productions: (i) hedge documents for the rate locks entered into by GMAC, Capmark and Jefferies (including the hedges for the Sill (2010) and Bliss (2012) transactions), and (ii) calculations of Jefferies' military housing profit; and (iii) Bloomberg documents and communications.[2]

As noted above, to the extent such documents have not been produced, it is only because the search criteria that Plaintiffs agreed to did not identify them.

### III. Plaintiffs Assertion That Bloomberg Documents Are Missing Is Without Basis

There is also no basis to assert that "Bloomberg documents and communications" are missing from the Jefferies Entities' productions. *First*, your letter does not identify any specific Jefferies Entities custodian whose "Bloomberg account" (as described in your letter) was not produced. It amounts to nothing more than a fishing expedition. *Second*, as set forth in the Declaration of John J. O'Donnell dated November 7, 2018 (ECF No. 208) and the attached Declaration of Emily Abrahams dated July 27, 2016 (ECF No. 208-1), the Jefferies Entities' collection included the "[c]ustodial files of five custodians initially identified by plaintiffs . . . including . . . text messages, instant messages, Bloomberg messages, and voicemail messages" (ECF No. 208 at ¶ 8(a)) and that the Bloomberg Vault system (which retains "text messages, instant messages, Bloomberg messages, and email messages") was searched for nine additional custodians (ECF No. 208 at ¶ 17). To the extent Plaintiffs believed that the Jefferies Entities' production of Bloomberg documents was somehow incomplete, they had years to request additional custodians or sources.

+     +     +

The Jefferies Entities do not intend to reopen document discovery simply because Plaintiffs hypothesize that, after years of negotiations and production of hundreds of thousands of documents, something might have been missed. We look forward to moving past this sideshow and returning to depositions in order to move this case forward.

Sincerely,

*/s/ John J. O'Donnell*

John J. O'Donnell

---

[2]    Plaintiffs' purported need for these categories of documents is undermined by counsel's representation to the Court during the December 19, 2022 discovery conference that the new damages theories (including hedge damages) first set forth in September 2022 are "based entirely on documents [plaintiffs] received from various . . . parties in discovery." (12/19/2022 Conf. Tr. 52:22-53:5). Even assuming Plaintiffs needed additional documents to support these new theories, they had ample time to request them prior to the deadline.

3