**brown**rudnick

MARCUS T. STRONG
MStrong@brownrudnick.com

March 23, 2023

**VIA ECF**

Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1670
New York, New York 10007-1312

> A telephonic discovery conference to address Plaintiff's letter-motion to compel (ECF No. 647) is scheduled for **Monday, April 3, 2023 at 1:00 p.m.**, on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.
>
> SO ORDERED 03/31/23
>
> SARAH L. CAVE
> United States Magistrate Judge

**RE:   Monterey Bay Military Housing LLC, et al. v. Ambac Assurance Corporation, et al., No. 19-cv-09193 (PGG) (SLC)**

Dear Judge Cave:

Plaintiffs in the above-captioned matter submit this letter seeking an order compelling Defendants Jefferies and Ambac to grant consent for third-party, Bloomberg, to search for and produce relevant documents and communications in response to a third-party subpoena served by Plaintiffs. Plaintiffs seek a subpoena response from Bloomberg to confirm that Defendants' previous discovery responses have included all relevant Bloomberg material in existence. For the reasons detailed below, this Court should enter an order compelling Defendants to grant consent for Bloomberg to search for and produce a response to Plaintiffs' subpoena, as such consent relieves Defendants of any significant burden in this matter.

    **I.**    **Documents Requested from Defendants Jefferies and Ambac**

Plaintiffs initially served requests for production on Defendants Jefferies and Ambac on December 29, 2017, and directed several requests for, among other things, documents and communications relating to the Projects' financing structure, the marketing and/or sale of interests in any bonds or certificates relating to the Plaintiff MHPI Projects, and the value of such bonds or certificates. (Exhibit 1, Request Nos. 3, 8, 10, 18, 22, 35, 40, 41, 49, and 50; Exhibit 2, Request Nos. 3, 8, 11, 12, 19, 22, 27, 39, 50, 51). Defendants' responses should have included documents and communications housed by Bloomberg and in the possession or control of the Defendants, as Defendants maintained Bloomberg accounts used to perform market analysis, bond pricing, and communication relating to the marketing and sale of the MHPI Project securities.[1] However, the documents and communications produced by Defendants relating to these Bloomberg accounts were extremely limited. Conspicuously absent from their productions are Bloomberg instant messaging communications, documents showing Bloomberg terminal input relating to the MHPI project financing, securities priced and/or sold in connection with the MHPI projects (including the searches and actions taken relating to the MHPI project-specific security CUSIP numbers), or trade confirmations for the sale of securities in connection with the MHPI Projects.

Upon first confirming that Defendants produced only a limited number of Bloomberg-related documents, Plaintiffs attempted to verify whether Defendants' production encompassed all relevant documents in existence. Thus, on December 12, 2022, prior to the discovery end date, Plaintiffs subpoenaed documents and communications directly from Bloomberg. (Exhibit 5). Bloomberg objected to Plaintiffs' subpoena, and during a meet and confer, stated they would only provide such documents and

---

[1] See Sept. 26, 2022 Dep. Test. of Timothy Zarlengo at pp. 51:7–52:8, 62:11–63:15 (attached as Exhibit 3); Sept. 29, 2022 Dep. Test. of James Parsley at pp. 61:7–66:24, 70:11–21; 84:3–15; 86:14–87:7 (attached as Exhibit 4).


communications with Defendants' consent. (Exhibit 6).  Thereafter, on January 23, 2023, Plaintiffs requested that Defendants conduct their own search and provide the outstanding discovery, and provide consent for Bloomberg to access and extract the demanded discovery from their servers and produce documents in response to Plaintiffs' December 12, 2022 subpoena. (Exhibit 7).

In response to Plaintiffs' letter, Defendants refused to undertake additional discovery for the requested documents, and characterized Plaintiffs' request as "untimely," despite the ongoing discovery period. (Exhibits 8 & 9).  On March 8, 2023, the parties met and conferred in an attempt to resolve this dispute without Court intervention. During the meet and confer, Plaintiffs offered Defendants the option of providing consent for Bloomberg to conduct the search and provide the discovery, in lieu of Defendants doing so themselves, alleviating any substantial burden on Defendants. Defendants agreed to review a proposal for targeted search terms and consider Plaintiffs' offer.  Despite Plaintiffs providing such proposal on March 16, 2023 (Exhibit 10), Defendants refused to run the search terms or propose alternatives in response. (Exhibit 11).

## II.     Plaintiffs' Request for Consent is Timely and Defendants Have an Ongoing Duty to Supplement

As an initial matter, Plaintiffs' request for consent is not untimely as Plaintiffs are seeking discovery, through a third-party, which should have been previously produced by Defendants in response to earlier requests for production. *Supra* p. 1.  Further, Defendants Ambac and Jeffers have an ongoing duty to supplement their production throughout litigation, even after the discovery period is at or near close. *Ferring Pharms. Inc. v. Serenity Pharms., LLC*, No. 117-cv-09922, 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019) (finding "duty to supplement continues even after discovery period has closed" and ordering defendants to supplement their damages-related damages production) (internal citations omitted); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 DRH AKT, 2008 WL 4415263, at *2 (E.D.N.Y. Sept. 24, 2008) (allowing discovery to be re-opened for plaintiff to obtain information that would allow them to obtain a fuller picture for purposes of damages).  Moreover, where the documents requested relate to damages, as they do here, this Court has ordered the search and production of the requested documents near the close of the discovery. *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18-cv-03025, 2022 WL 2817141, at *2 (S.D.N.Y. July 19, 2022) (directing defendant to produce complete financial documents where "the information is relevant to [plaintiff] Sportvision's calculation of damages").

To the extent Defendants assert prejudice from Plaintiffs' request related to its timeliness, courts have allowed production close to trial, and well after the close of discovery where (1) the burden of collecting the information was outweighed by the relevance of the information to be gathered, and (2) the party seeking discovery has alleviated the burden by use of a third-party vendor. *City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 06-cv-2233, 2007 WL 9710557, at *3 (E.D.N.Y. Sept. 26, 2007).  In *City of New York*, the Court ordered the defendants to disclose a list of serial numbers, in response to a late request by the plaintiff, where the information was relevant to the plaintiff's claim that defendant's guns created a public nuisance and where the plaintiff offered to pay for the data collection by a third-party. *Id*.  Here, the requested documents are highly relevant to Plaintiffs' claims related to the setting of the Plaintiff Project interest rates, the marketing and sale of Plaintiffs' Project bonds and certificates, and related damages. Clearly, proximity to the close of discovery should only impact the provision of discovery if such proximity causes significant burden, prejudice, or substantial cost – none of which exist in this case.



Honorable Sarah L. Cave
March 23, 2023
Page 3

More importantly, Defendants cannot plausibly claim any burden related to the provision of the Bloomberg documents because they are not being asked to do so – their consent would allow third-party Bloomberg to search for and collect the requested documents. This option not only permits Plaintiffs to confirm Defendants' assertion – that all relevant discovery, including Bloomberg documents and communications, have been produced in this matter – but also relieves Defendants of any time, effort or cost burden associated with the search and production.

Lastly, Plaintiffs' requests are not prejudicial to Defendants as the Bloomberg documents are not directed to any novel theories of the case. The issues contemplated are well-known to Defendants, as evidenced by their inclusion in Plaintiffs' initial Requests for Production and in Plaintiffs' responses to Defendants' Interrogatories (Exhibit 12). Plaintiffs' requests are also not a fishing expedition, but rather a reasonable, targeted request within Bloomberg's database for documents relevant to Plaintiffs' claims and damages. Defendants should not be permitted to preclude Bloomberg's response by withholding their consent based upon a technicality or proximity to the close of discovery.

As Plaintiffs have demonstrated, the requested documents are responsive to preexisting discovery requests and directly relate to Plaintiffs' claims and damages. Given the impending discovery deadline and Defendants' unwillingness to cooperate, Plaintiffs respectfully request that the Court order Jefferies and Ambac to provide consent for Bloomberg to search for and produce the requested documents and communications outlined in Plaintiffs' subpoena by the close of fact discovery on April 21, 2023.

Respectfully Submitted,

**BROWN RUDNICK LLP**
*/s/ Marcus T. Strong*
Marcus T. Strong

64996389 v2-WorkSiteUS-037168/0001