# EXHIBIT 3

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7253 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7253

WRITER'S EMAIL ADDRESS
taipark@quinnemanuel.com

March 7, 2023

<u>VIA E-MAIL</u>

Zachary Bannon
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Comm: (212) 637-2728
Email: zachary.bannon@usdoj.gov

Re:   *Monterey Bay Military Housing, LLC et al. v. Ambac Assurance Corp. et al.*, Case No. 19-cv-09193 (S.D.N.Y.) – *Touhy* Request

Dear Mr. Bannon:

      We write on behalf of Ambac Assurance Corporation ("Ambac"), defendant in the above-referenced lawsuit pending in the U.S. District Court for the Southern District of New York. Pursuant to 32 C.F.R. § 97.6 and § 516, *et seq.*, Ambac requests that the United States Department of the Air Force ("Air Force") produce for deposition Kathleen Ferguson, formerly Deputy Assistant Secretary and Acting Secretary of the Air Force for Installations, Environment, and Energy on Wednesday, March 28, 2023, or a mutually agreeable alternative date if Ms. Ferguson is unavailable that day. A *Touhy* request letter, deposition notice, and subpoena for Ms. Ferguson was originally provided to you by email on February 8, 2023. Ms. Ferguson was served with the deposition subpoena on February 27, 2023. The following day, you requested that we provide additional information on the proposed deposition topics. Below, please find a list of the topics that we expect to cover with Ms. Ferguson during the deposition. Ambac's deposition notice and subpoena to Ms. Ferguson is attached hereto as Exhibit A.

I.   **General Description of the Case**

      The above-captioned lawsuit involves sixteen military housing development projects operated by eighteen Plaintiff entities and established pursuant to the Military Housing Privatization Initiative ("MHPI Projects"). Each of the eighteen Plaintiff entities is related to one of the sixteen MHPI Projects and is an LLC or partnership between one of four private developers and the United States Army or Air Force. The four Air Force Plaintiff MHPI projects are: (1) the

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

"AETC Project," which includes Altus Air Force Base, Luke Air Force Base, Sheppard Air Force Base, and Tyndall Air Force Base; (2) the "AMC West Project," which includes Fairchild Air Force Base, Tinker Air Force Base, and Travis Air Force Base; (3) the "Lackland Project," which includes Lackland Air Force Base; and (4) the "Vandenberg Project," which includes Vandenburg Air Force Base (collectively "the Air Force Plaintiff MHPI Projects").

To fund the development and construction of the MHPI Projects, Plaintiffs secured financing from GMAC Commercial Mortgage Corporation ("GMAC") or its successors Capmark Finance, Inc. ("Capmark") or Jefferies Mortgage Finance, Inc. ("Jefferies"). Ambac provided financial insurance products related to certain of the MHPI Projects.

The lawsuit alleges, in sum, that Dan Ray, his employers GMAC and later Jefferies & Co., Inc.,[1] Chetan Marfatia, and his employer, Ambac, formed a racketeering enterprise that employed fraudulent means to illegally profit from the financing of the MHPI Projects. According to the operative complaint, Plaintiffs allege that GMAC and Jefferies, through Dan Ray, acted as Plaintiffs' lender and financial advisor in securing financing for each of the sixteen military housing developments. For each of the MHPI Projects, Plaintiffs allege that GMAC loaned money to Plaintiffs and syndicated the loans through the sale of bonds to investors. For the MHPI Projects financed from 2002 through 2004, Plaintiffs allege that Ambac provided financial guarantee insurance and/or surety bonds for these deals, which insurance was disclosed to Plaintiffs. For certain of the MHPI Projects financed after 2004, Plaintiffs allege that GMAC independently contracted with Ambac to provide financial guarantee insurance or a surety bond without disclosing the same (or Ambac's involvement) to the MHPI Project prior to closing.

Plaintiffs allege that Defendants engaged in various misconduct including: (i) charging inflated interest rates on the loans; (ii) receiving undisclosed profits on the sale of bonds; (iii) manipulating the non-public credit ratings the MHPI Projects received from the credit rating agencies to the detriment of Plaintiffs; (iv) charging Plaintiffs for unnecessary credit enhancement; (v) charging inflated deal expenses; and (vi) concealing and modifying the Defendants' relationship and "schemes" to avoid detection.

Needless to say, Ambac denies each and every one of the spurious allegations of wrongdoing. Ambac has further pleaded affirmative defenses, including an unclean hands defense based on Plaintiffs' failure to maintain the MHPI Project properties and falsification of maintenance records to the detriment of servicemembers and the diminution of Ambac's security interest in the properties.

## II.  Deposition Requested

Plaintiffs have alleged that the Air Force authorized the filing of this lawsuit. Further, as noted above, the Air Force may have an interest in this matter as a partner or member in certain of the Plaintiff entities. As provided in the Notice at Exhibit A, Ambac requests that the Air Force produce for deposition Kathleen Ferguson on March 28, 2023, at 9:00 a.m., or at such other time

---

[1]  Plaintiffs also named as Defendants Jefferies Mortgage Finance, Inc., Jefferies LLC, and Jefferies Group LLC. Together with Jefferies & Co., Inc., these entities are collectively referred to herein as "Jefferies." Jefferies, along with the above-listed Defendants, are collectively referred to herein as "Defendants."

as may be agreed upon by counsel. With the caveat that we are still reviewing documents to determine the full scope of Kathleen Ferguson's involvement in the relevant events and transactions underlying the complaint in *Monterey Bay Military Housing LLC et al. v. Ambac Assurance Corp. et al.*, including documents Plaintiffs produced last week, the topics we expect to cover with Ms. Ferguson are listed below. If we encounter other topics through the course of our preparation, we will supplement the list below. For the purpose of clarity, all deposition topics stated herein seek Ms. Ferguson's personal knowledge and testimony.

1. Ms. Ferguson's role, responsibilities, and endeavors as Deputy Air Force Civil Engineer, Deputy Assistant Secretary of the Air Force for Installations, Principal Deputy Assistant Secretary of the Air Force for Installations, Environment, and Energy, and Acting Assistant Secretary of Air Force for Installations, Environment, and Logistics.

2. Ms. Ferguson's knowledge of the criteria, policies, procedures, and guidelines applicable to the Air Force's Source Selection Process for each Air Force Plaintiff MHPI Project, including but not limited to the role and requirements of the Executive Steering Group.

3. Ms. Ferguson's knowledge of the Air Force's evaluation, approval, and/or selection of each developer for each Air Force Plaintiff MHPI Project, including (i) any criteria, policies, procedures, guidelines, and methodology related to the evaluation and approval process, and (ii) responses received from potential developers in response to a request for qualifications or other competitive bidding process.

4. Ms. Ferguson's knowledge of the Air Force's evaluation, approval, and/or selection of each lender, such as GMAC, Capmark, or Jefferies, and financing plan for each Air Force Plaintiff MHPI Project, including (i) any criteria, policies, procedures, guidelines, and methodology related to the evaluation and approval process, and (ii) responses received from potential lenders in response to a request for proposal ("RFP") or other competitive bidding process.

5. Ms. Ferguson's knowledge of the Air Force's evaluation, approval, and/or selection of each financial guarantor, including but not limited to any credit enhancer, surety provider, or insurer, for each Air Force Plaintiff MHPI Project, including (i) any criteria, policies, procedures, guidelines, and methodology related to the evaluation and approval process and (ii) responses received from potential credit enhancers or insurers in response to an RFP or other competitive bidding process.

6. Ms. Ferguson's knowledge and understanding that Ambac would be used as the credit enhancer for the Air Force Plaintiff MHPI Projects, including when she learned that Ambac was or would be used for credit enhancement and her understanding of the terms of the Ambac credit enhancement.

3

7. Ms. Ferguson's knowledge and understanding of the involvement of Moody's, S&P, or Fitch in any Air Force Plaintiff MPHI Project, including Mrs. Ferguson's knowledge of the following:

   a. Non-public ratings for any Air Force Plaintiff MHPI Project;

   b. Public ratings for any Air Force Plaintiff MHPI Project;

   c. The rating criteria of Moody's, S&P, and Fitch; and

   d. The Air Force's interactions with rating agencies in connection with Air Force Plaintiff MHPI Projects.

8. Ms. Ferguson's knowledge of physical property conditions at the Air Force Plaintiff MHPI Projects, including the impact property conditions had on occupancy levels.

9. Ms. Ferguson's knowledge regarding the roles and responsibilities of Jones Lang LaSalle, EMAX, PSC Group, Concourse Group and any other advisor or consultant to the Air Force Plaintiff MHPI Projects, or their affiliated developers.

The requested deposition testimony is relevant to the lawsuit and Ambac's defenses, including, among other things, the alleged wrongful acts by Defendants, the Plaintiffs' and the Air Force's understanding of the terms of each relevant lending and other financial transaction, the Plaintiffs' and the Air Force's awareness of Ambac's involvement in the post-2004 transactions, Ambac's unclean hands defense, and the roles, responsibilities, and actions of the parties involved in each of the financing transactions implicated by the lawsuit. Kathleen Ferguson, as Deputy Assistant Secretary of the Air Force for Installations, Environment, and Energy, was involved in selecting or approving the developer, lender, or financier for at least several of the Air Force Plaintiff MHPI Projects. Her testimony on the proposed topics is therefore uniquely important to the resolution of this case.

Ambac agrees to provide travel arrangements and pay for reasonable travel expenses, as prescribed by 32 C.F.R. § 516.55, required for Kathleen Ferguson's deposition testimony.

Thank you for your time and consideration of this matter. Please contact me by phone or email regarding any issues you may have with these requests.

Sincerely,

/s/ *Tai H. Park*

Tai H. Park

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, MONTEREY BAY LAND, LLC, MEADE COMMUNITIES LLC, FORT BLISS/WHITE SANDS MISSILE RANGE HOUSING LP, RILEY COMMUNITIES LLC FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, I, LLC, FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, II, LLC, CARLISLE/PICATINNY FAMILY HOUSING LP, BRAGG COMMUNITIES LLC, FORT DETRICK/WALTER REED ARMY MEDICAL CENTER LLC, PICERNE FORT POLK FUNDING, LLC, RUCKER COMMUNITIES LLC, STEWART HUNTER HOUSING LLC, SILL HOUSING, LLC, AETC HOUSING LP, AMC WEST HOUSING LP, LACKLAND FAMILY HOUSING, LLC, AND VANDENBERG HOUSING LP,<br><br>     Plaintiffs,<br> vs.<br><br>AMBAC ASSURANCE CORPORATION, JEFFERIES MORTGAGE FINANCE, INC., JEFFERIES & COMPANY, INC., JEFFERIES LLC, JEFFERIES GROUP LLC, DANNY RAY, AND CHETAN MARFATIA,<br><br>     Defendants. | Case No. 1:19-cv-09193-PGG<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**AMBAC ASSURANCE CORPORATION'S SECOND AMENDED NOTICE OF DEPOSITION OF KATHLEEN FERGUSON** |

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Ambac Assurance Corporation, by and through its undersigned counsel of record, will take the deposition upon oral examination of Kathleen Ferguson on March 28, 2023 commencing at 9:00 am, at the office of Quinn Emanuel Urquhart & Sullivan, LLP, located at 1300 I Street NW, Suite 900, Washington, D.C., 20005, or at such other time and place as may be agreed upon by counsel. The deposition will be before a Notary Public or other officer authorized by law to administer oaths and will be recorded using videographic, audiographic, and/or stenographic means.

Dated:
    New York, New York
    February 22, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Tai H. Park*
     Tai H. Park
     *Counsel for Ambac Assurance Corp.*

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Monterey Bay Military Housing, LLC, et al., <br> *Plaintiff* <br> v. <br> Ambac Assurance Corp., et al., <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 19-cv-9193 (PGG) (SLC) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Kathleen Ferguson
▬▬▬▬▬▬▬▬▬▬▬▬, Fairfax Station, VA 22039-3214

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Quinn Emanuel Urquhart & Sullivan, LLP <br> 1300 I Street NW, Suite 900, Washington, D.C. 20005 | Date and Time: <br> 03/28/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Videographic, audiographic, and/or stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2023

| CLERK OF COURT | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | /s/ Tai H. Park <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ambac Assurance Corporation , who issues or requests this subpoena, are:

Tai H. Park, Quinn Emanuel Urquhart & Sullivan, LLP; 51 Madison Avenue, 22nd Floor, New York, NY 10010; taipark@quinnemanuel.com; (212) 849-7253

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 19-cv-9193 (PGG) (SLC)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).