**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

> At a telephone conference held today, September 25, 2023, Defendant AMBAC Assurance Corporation and the Jefferies Defendants indicated that they do not oppose the government's request at ECF No. 758. Accordingly, the request is GRANTED as unopposed. Defendants may, of course, make a record during the subject depositions of who is in attendance.
>
> The Clerk of Court is respectfully directed to close ECF No. 758.
>
> SO ORDERED.   9/25/2023
>
> *SARAH L. CAVE*
> United States Magistrate Judge

Via ECF
The Honorable Sarah L. Cave
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Monterey Bay Military Housing LLC, et al. v. Ambac Assurance Corporation, et al.*, No. 19 Civ. 9193 (PGG) (SLC) (S.D.N.Y.)

Dear Judge Cave:

This Office represents the U.S. Department of the Air Force (the "Air Force") and the U.S. Department of the Army (the "Army") in the above-referenced matter. Pursuant to the Court's order dated August 1, 2023, Dkt. No. 733, Defendants are scheduled to conduct Federal Rule of Civil Procedure 30(b)(6) depositions of the Army on September 27th and the Air Force on September 28th. Out of an abundance of caution, the Air Force writes respectfully to seek the Court's permission to allow Air Force 30(b)(6) deponent Jesse Barrera and Air Force attorney Thomas Hoeflinger to attend the Army's 30(b)(6) deposition on September 27th and to observe testimony regarding documents that are protected under this matter's protective order during that deposition. The Plaintiffs' consent to this request. The Air Force requested the Defendants' position on this request on September 18th, 19th, and 20th, but the Defendants have yet to respond.[1]

Federal Rule of Civil Procedure 26(c) "recogni[zes] that parties or non-parties have a right to attend depositions unless a protective order is sought for good cause or a request is made for exclusion." *U.S. EEOC v. Scolari Warehouse Markets, Inc.*, No. 04 Civ. 229 (DAE), 2007 WL 9734385, at *3 (D. Nev. Aug. 30, 2007). Here, the operative protective order does not restrict those who may attend depositions. *See generally* Dkt. Nos. 135, 375, 425. Although the operative protective order restricts individuals who may view documents marked as protected, *see* Dkt. No. 135 ¶ 7.2, both Mr. Barrera and Mr. Hoeflinger have signed "Acknowledgment and Agreement To Be Bound" forms consenting to be bound by the protective order. In any event, most of the 102 proposed Army 30(b)(6) deposition exhibits are Army, Jones Lang LaSalle Americas, Inc. ("JLL"), or Plaintiff MHPI Project documents. As noted, the Plaintiffs have consented to the Air Force's request. Further, under the operative protective order, the Air Force is entitled to view information designated as protected by the Army and JLL even absent a court order. *See* Dkt. No. 425 ¶ 1

---

[1] The Government does not believe that a court order is necessary to permit Mr. Barrera or Mr. Hoeflinger to attend the deposition because their attendance is presumptively permitted absent a protective order excluding them for "good cause." Fed. R. Civ. P. 26(c)(1)(E). However, the Defendants have not responded to the Government's emails asking them to confirm that they share this understanding. Today, the undersigned requested a response by no later than 12:00 P.M. because I will be traveling beginning this afternoon until Monday. Out of an abundance of caution and in the event that the Defendants oppose this request, the Government submits this letter so Mr. Barrera and Mr. Hoeflinger can schedule their travel from Texas to Washington, D.C., accordingly.