March 20, 2024

VIA ECF

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

> The Court will not schedule a settlement conference at this time. The parties may request a settlement conference with the Court at any time.
>
> SO ORDERED.   3/21/2024
>
> *SARAH L. CAVE*
> *United States Magistrate Judge*

RE:   **Monterey Bay Military Housing LLC, et al. v. Ambac Assurance Corp., et al., Case No. 1:19-cv-9193 (PGG) (SLC)**

Dear Judge Cave:

The parties in the above-captioned action jointly submit this letter pursuant to the Court's Order dated March 6, 2024 (ECF No. 836), requesting that the parties meet and confer and advise the Court as to whether a settlement conference with the Court would be productive at this time.

*Plaintiffs' Position.* Pursuant to the Court's February 13, 2023, Order (Dkt No. 635), the parties held an in-person settlement conference in May 2023. At that conference, the parties agreed that settlement discussions would not be productive at that time. Earlier this year, Plaintiffs and Ambac mediated with Judge Layn Phillips. By email dated December 5, 2023, Defendants Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC, informed Judge Phillip's administrative assistant "[M]y clients have zero interest in mediating this dispute." (Ex. A). The mediation just concluded without resolution. The parties do not believe a settlement conference with the Court would be productive at this time.

*Defendants' Position.* Defendants agree that a settlement conference would not be productive. Notwithstanding the parties' agreement on that issue, Plaintiffs insisted on submitting an independent "position" in this letter, which sets forth a false narrative around a recent mediation. To set the record straight, Plaintiffs and Ambac agreed to participate in a mediation before Judge Phillips. None of the Jefferies Entities, nor defendant Dan Ray, were aware of or invited to participate in this mediation. Subsequently, Judge Philips' administrative assistant emailed all parties to this case – apparently in error – enclosing a mediation fee agreement. The Jefferies Entities and Ray notified her that they had been sent the agreement in error.