**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MONTEREY BAY MILITARY HOUSING, LLC,
MONTEREY BAY LAND, LLC, MEADE COMMUNITIES
LLC, FORT BLISS/WHITE SANDS MISSILE RANGE
HOUSING LP, RILEY COMMUNITIES LLC, FORT
LEAVENWORTH FRONTIER HERITAGE
COMMUNITIES, I, LLC, FORT LEAVENWORTH
FRONTIER HERITAGE COMMUNITIES, II, LLC,
CARLISLE/PICATINNY FAMILY HOUSING LP, BRAGG
COMMUNITIES LLC, FORT DETRICK/WALTER REED
ARMY MEDICAL CENTER LLC, PICERNE-FORT POLK
FUNDING, LLC, RUCKER COMMUNITIES LLC,
STEWART HUNTER HOUSING LLC, SILL HOUSING LLC,
AETC HOUSING LP, AMC WEST HOUSING LP,
LACKLAND FAMILY HOUSING, LLC, and
VANDENBERG HOUSING LP,

         Plaintiffs,

   -v-


AMBAC ASSURANCE CORPORATION, JEFFERIES
MORTGAGE FINANCE, INC., JEFFERIES & COMPANY
INC., JEFFERIES L.L.C., JEFFERIES GROUP LLC, DANNY
RAY, and CHETAN MARFATIA,

         Defendants.

CIVIL ACTION NO.: 19 Civ. 9193 (PGG) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

  Before the Court is Plaintiffs'[1] renewed motion to seal or redact certain materials

submitted in connection with the parties' motions for summary judgment, which are pending

---

[1] Plaintiffs are 18 "project entities" that operate 16 privatized military housing projects (the "Projects") authorized under the Military Housing Privatization Initiative of 1996 ("MHPI"): Monterey Bay Military Housing, LLC, Monterey Bay Land, LLC, Meade Communities LLC, Fort Bliss/White Sands Missile Range Housing LP, Riley Communities LLC, Fort Leavenworth Frontier Heritage Communities I, LLC, Fort

before the Honorable Paul G. Gardephe. (ECF No. 1031 (the "Sealing Motion"); see ECF Nos. 858; 867; 874; 880; 909 (the "MSJs")). For the reasons set forth below the Sealing Motion is GRANTED.

## II. BACKGROUND

The factual background of this action is set out in detail in prior decisions issued by the Honorable Paul G. Gardephe and the undersigned. See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG), 2024 WL 5076424 (S.D.N.Y. Dec. 11, 2024) ("Monterey Bay VI"); Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2023 WL 5498962 (S.D.N.Y. Aug. 25, 2023); Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2023 WL 3779338 (S.D.N.Y. May 25, 2023); Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2023 WL 315072 (S.D.N.Y. Jan. 19, 2023); Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2021 WL 4173929 (S.D.N.Y. Sept. 14, 2021); Monterey Bay I, 531 F. Supp. 3d 673.[2] The Court incorporates those factual summaries and all defined terms.

In connection with the MSJs filed in July and August 2024, the parties moved to seal or redact certain documents that were part of the summary judgment record. (ECF Nos. 857; 873; 876; 908; 934; 955; 958; 964; 965; 999; 1000; 1005; 1009;). As is relevant here, Plaintiffs sought to seal three categories of documents: (1) "Sensitive Business Documents"; (2) "Military Base

---

Leavenworth Frontier Heritage Communities, II, LLC, Carlisle/Picatinny Family Housing LP, Bragg Communities LLC, Fort Detrick/Walter Reed Army Medical Center LLC, Picerne-Fort Polk Funding, LLC, Rucker Communities LLC, Stewart Hunter Housing LLC, Sill Housing, LLC, AETC Housing LP, AMC West Housing LP, Lackland Family Housing, LLC, and Vandenberg Housing LP. Monterey Bay Military Housing, LLC v. Ambac Assurance Corp., 531 F. Supp. 3d 673, 685 n.3 (S.D.N.Y. 2021) ("Monterey Bay I").

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted from case citations.

Parcel Descriptions"; and (3) "Materials Related to Internal Investigations." Monterey Bay VI, 2024 WL 5076424, at *2 (citing ECF No. 965 at 2–5)).

In Monterey Bay VI, as to the Sensitive Business Documents, Judge Gardephe found that Plaintiffs' "failure to provide document-level justifications for sealing these hundreds of documents" prevented him from making "'specific, on-the record findings that higher values necessitate a narrowly tailored sealing.'" Id. (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006)). Judge Gardephe permitted sealing of Sensitive Business Documents only to the extent that they contain "personal identification and financial information . . . , such as home addresses, phone numbers, ['PII'] and banking information[,]" and otherwise denied Plaintiffs' requests to seal these materials without prejudice. Id. at *2 & n.1. As to the Military Base Parcel Descriptions, Judge Gardephe found "that the privacy and security interests of the military and individual service members living on base outweigh any countervailing public interest in access to this information[,]" and granted Plaintiffs' request to seal or redact this information. Id. at *3. Finally, Judge Gardephe denied Plaintiffs' request to seal the Materials Related to Internal Investigations, on the ground that Plaintiffs' explanations for sealing were "conclusory, unsupported by case law, and not document-specific." Id. at *3.

Judge Gardephe permitted Plaintiffs to file a new sealing motion supported by a spreadsheet detailing for every document for which Plaintiffs sought sealing or redaction:

> (1) the sealing request number [the "Sealing Request"]; (2) the docket number of the sealed document; (3) the docket number of the public document; (4) the party that is seeking sealing; (5) the parent document of the document for which sealing or redaction is sought . . . ; (6) the exhibit number; (7) the location(s) of any redactions (or an indication that full sealing is sought); (8) the category of the document (e.g., sensitive medical information); (9) a description of the document; and (10) a justification for redaction or sealing that complies with the Lugosch standard.

3

Id. at 6.  In addition, Judge Gardephe cautioned that for any "document containing information that is more than a decade old, [Plaintiffs must] explain why sealing or redaction is appropriate given the stale nature of the information."  Id.

On January 28, 2025, Plaintiffs filed the Sealing Motion and submitted a detailed spreadsheet (the "Spreadsheet"),[3] which contains the information Judge Gardephe specified in Monterey Bay VI for the approximately 1100 documents Plaintiffs sought to seal or redact (the "Documents").  (See ECF Nos. 1031–44).[4]  The vast majority of the Documents fall into the category of Sensitive Business Documents, as to which Judge Gardephe denied sealing without prejudice in Monterey Bay VI.  See 2024 WL 5076424, at *2.  Plaintiffs seek to seal or redact a smaller number of Documents on the ground that they contain Military Base Parcel Descriptions, PII, or banking information.

With the Sealing Motion, Plaintiffs also submitted declarations from: (1) William E. Culton, Secretary and General Counsel of Corvias Military Living, LLC, which is affiliated with the Corvias Plaintiffs;[5] (2) Eric Roberson, Vice President of the Managing Member of each of the Michaels Plaintiffs;[6] and (3) Leslie S. Cohn, Executive Vice President of Balfour Beatty Communities, which is affiliated with the BBC Plaintiffs.[7]  (ECF Nos. 1031-1; 1031-2; 1031-3 (the "Declarations")).  In

---

[3] Plaintiffs provided a native-format version of the Spreadsheet to Chambers.  (ECF No. 1031 at 1 n.1).

[4] Plaintiffs withdrew their request to seal or redact as to 81 documents.  (ECF Nos. 1031 at 1 n.1; 1045).

[5] The Corvias Plaintiffs include: Meade Communities LLC, Riley Communities, LLC, Airborne Communities LLC (f/k/a Bragg Communities, LLC), Johnson Housing, LLC (f/k/ Picerne-Fort Polk Funding, LLC), Novosel Communities, LLC (f/k/a Rucker Communities LLC), and Sill Housing LLC.  (ECF No. 1031-1 ¶ 2).

[6] The Michaels Plaintiffs include: Fort Leavenworth Frontier Heritage Communities, LLC, Fort Leavenworth Frontier Heritage Communities, II, LLC, Monterey Bay Military Housing, LLC, and Monterey Bay Land, LLC. (ECF No. 1031-2 ¶ 2).

[7] The BBC Plaintiffs include: Fort Bliss/White Sands Missile Range Housing LP, Carlisle/Picatinny Family Housing, LP, Fort Detrick/Walter Reed Army Medical Center LLC, Stewart Hunter Housing LLC, AETC

support of Plaintiffs' Sealing Requests, the Declarations each attest that the Documents contain "highly sensitive commercial information" about the Developers'[8] "business model and judgment for the development, operation, and management of both military housing development projects and, more generally, public-private partnership housing developments." (ECF Nos. 1031-1 ¶ 4; 1031-2 ¶ 4; 1031-3 ¶ 4). The Declarations describe how the developers face "intense competition" for the real estate development and management projects for the United States Armed Forces. (ECF Nos. 1031-1 ¶ 5; 1031-2 ¶ 5; 1031-3 ¶ 5). The Declarations explain that the Documents reflect, for example, their "unique model and method for carrying out proposed construction activities[,]" the interest rate "unique to each project," and "business judgment and experience in managing the operations of privatized military housing projects[.]" (ECF Nos. 1031-1 ¶¶ 9, 10, 12;; 1031-3 ¶¶ 10, 11, 13; see 1031-2 ¶¶ 7, 8, 10). The Declarations attest that the developers have "consistently taken steps to protect" the confidential business information in the Documents. (ECF Nos. 1031-1 ¶ 13; 1031-2 ¶ 11; 1031-3 ¶ 14). Finally, the Declarations assert that the Documents "will retain their competitive sensitivity for the foreseeable future." (ECF Nos. 1031-1 ¶ 14; 1031-2 ¶ 12; 1031-3 ¶ 15).

On February 3, 2025, Judge Gardephe directed the undersigned to address the Sealing Motion pursuant to the existing referral for pretrial supervision. (ECF No. 345). To streamline review of the Sealing Motion, we directed Plaintiffs to upload redacted and unredacted versions

---

Housing LP, AMC West Housing LP, Lackland Family Housing, LLC, and Vandenberg Housing LP. (ECF No. 1031-3 ¶ 2).

[8] To develop and manage the Projects, the military branches entered into partnerships or contracted with Developers, which are private entities: Balfour Beatty Communities, LLC ("BBC"); Corvias Group, LLC ("Corvias"); Clark Realty Capital, L.L.C. ("Clark"); and Michaels Military Housing, LLC ("Michaels"). See Monterey Bay I, 531 F. Supp. 3d at 685.

of the Documents to the Court's file sharing site, labeling each Sealing Request corresponding to the Spreadsheet. (ECF Nos. 1046; 1047). On April 10, 2025, the Court held a telephone conference with the parties concerning the Sealing Motion. (ECF No. 1047 (the "Conference")). On April 21, 2025, Plaintiffs provided updated information as to certain of the Documents and a chart dividing the Sealing Requests into categories to streamline the Court's review. (ECF No. 1058; see ECF min. entry Apr. 10, 2025). Defendants have taken no position on the Sealing Requests.

### III. DISCUSSION

#### A. Legal Standard

The Court incorporates and adopts the legal standard applicable to the Sealing Motion set forth by Judge Gardephe in Monterey Bay VI. 2024 WL 5076424, at *1–2. In that decision, Judge Gardephe determined, under the three-part Lugosch test, that the Documents (1) were judicial documents, and (2) were subject to a "strong presumption of access[.]" Id. at *2. Accordingly, the only remaining inquiry on the Sealing Motion is whether Plaintiffs "offer specific facts" as to each of the Documents "demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120; see also Courthouse News Serv. v. Corsones, 131 F.4th 59, 67 (2d Cir. 2025) (discussing Lugosch's presumption of "immediate public access").

#### B. Application

In the Sealing Motion, Plaintiffs seek to seal or redact the Documents on the ground that they contain: (1) PII; (2) banking information; (3) Military Base Parcel Descriptions; and/or (4) commercially sensitive information ("CSI") (i.e., Sensitive Business Documents, in the parlance of

Monterey Bay VI).  (ECF No. 1031).  We consider whether Plaintiffs have met their burden as to each ground.

### 1.  PII

Plaintiffs seek to seal or redact fourteen (14) Documents on the ground that they contain PII.[9]  As Judge Gardephe explained in Monterey Bay VI, redaction of PII is appropriate "because the relevant privacy interests outweigh the presumption of public access."  2024 WL 5076424, at *2 n.1.  We have reviewed the relevant Documents and find that Plaintiffs have properly redacted PII, and therefore, these Sealing Requests are GRANTED.[10]

### 2.  Banking Information

Plaintiffs seek to redact 75 Documents on the ground that they contain banking information.[11]  As Judge Gardephe explained in Monterey Bay VI, redaction of banking information is appropriate "particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer."  2024 WL 5076424, at *2 n.1.  We have reviewed all 75 Documents and find that Plaintiffs have properly sealed or redacted banking information from these Documents, and therefore, these Sealing Requests are GRANTED.

---

[9] For simplicity, we refer to the Documents by their Sealing Request number, rather than the ECF docket number.  The Documents containing PII are sealing requests numbered: 8, 9, 108, 109, 164, 167, 175, 758, 760, 772, 781, 819, 828, 865, 866.

[10] We find that only thirteen of the fourteen Documents Plaintiffs identified contain PII.  Although Plaintiffs designated in the Spreadsheet Sealing Request 828 as a document containing PII, the Court discerns none in this document.

[11] Sealing Requests 75, 76, 77, 146, 159, 160, 197, 236, 252, 282, 284, 308, 340, 341, 343, 345, 346, 347, 374, 382, 383, 395, 397, 402, 403, 434, 435, 436, 438, 440, 441, 443, 444, 445, 519, 542, 570, 571, 572, 573, 574, 684, 685, 711, 728, 731, 733, 738, 739, 742, 746, 759, 771, 775, 797, 813, 844, 853, 854, 861, 862, 869, 891, 895, 896, 906, 911, 923, 924, 938, 941, 950, 954, 955, 1098.  Following the Conference, Plaintiffs withdrew the assertion in the Spreadsheet that Sealing Request 344 contained banking information.  (ECF No. 1058 at 3).

### 3. <u>Military Base Parcel Descriptions</u>

Plaintiffs seek to redact 51 Documents on the ground that they contain Military Base Parcel Descriptions.[12]  As Judge Gardephe previously found in <u>Monterey Bay VI</u>, "the privacy and security interests of the military and individual service members living on base outweigh any countervailing public interest in access to this information."  2024 WL 5076424, at *3.  We have reviewed all 51 Documents[13] and find that Plaintiffs have properly sealed or redacted military base and parcel descriptions or locations from these Documents, and therefore, these Sealing Requests are GRANTED.

### 4. <u>CSI (or Sensitive Business Documents)</u>

As to the balance of the Documents, Plaintiffs seek to seal or redact CSI.  (ECF Nos. 1031; 1058 at 4–11).  Courts in this District have permitted sealing or redaction of "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'"  <u>Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.</u>, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting <u>Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.</u>, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)).  The party seeking sealing or redaction must provide detailed evidence showing "the extensive and irreparable harm [] that would result from disclosure of the confidential information[.]"  <u>Encycl. Brown Prods.</u>, 26

---

[12] Sealing Requests 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 22, 23, 24, 25, 26, 28, 87, 97, 111, 112, 113, 114, 115, 116, 117, 118, 121, 123, 124, 125, 126, 127, 164, 252, 433, 747, 750, 764, 795, 812, 827, 841, 864, 866, 871, 939, 940, 1023, 1070, 1071, and 1072.  Following the Conference, Plaintiffs withdrew the assertion in the Spreadsheet that Sealing Requests 19, 175, and 819 contained Military Base Parcel Descriptions.  (ECF No. 1058).

[13] We have not compared these 51 documents with the 46 that Judge Gardephe held in <u>Monterey Bay VI</u> were properly redacted, 2024 WL 5076424, at *3, and leave it to Plaintiffs to determine which different or additional Documents are covered by this Opinion & Order.

F. Supp. 2d at 614. Here, to meet the standard for sealing or redaction, Plaintiffs must demonstrate that their "competitive position would be affected at most, if not all, economic levels, vis-à-vis their direct and indirect competitors[.]" Id. For documents "more than a decade old," Judge Gardephe previously explained that Plaintiffs must "explain why sealing or redaction is appropriate given the stale nature of the information." Monterey Bay VI, 2024 WL 5076424, at *6. At least one court in this District has recognized that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit." Encyc. Brown Prods., 26 F. Supp. 2d at 614.

Following the Court's request at the Conference to help streamline review of the Sealing Requests, Plaintiffs have grouped the Documents into 87 categories. (ECF No. 1058 at 4–11). While we appreciate Plaintiffs' effort, Plaintiffs have erred on the side of precision rather than efficiency, so we have further consolidated the Documents into twelve (12) categories (see Exhibit A),[14] and have reviewed exemplar documents from each category to analyze the propriety of the Sealing Requests. We confirm, however, that Plaintiffs have supported each Sealing Request with a "document-level justification[.]" See Monterey Bay IV, 2024 WL 5076424, at *6.

Before we discuss the categories of Documents containing CSI that are the subject of the remaining Sealing Requests, we will first address whether Plaintiffs have complied with Judge Gardephe's instruction to substantiate why Documents older than ten years should be sealed or redacted. Monterey Bay VI, 2024 WL 5076424, at *6. From our review, it appears that virtually

---

[14] The parties are, of course, not bound by our recategorization of the Documents for reasons of efficiency, nor do our categorizations equate to any factual finding or legal conclusion.

<u>all</u> the information that Plaintiffs seek to seal is more than ten years old.  There are at least two reasons for that: (1) at this point, this action has been pending for almost eight years, having been first filed in the Northern District of California in August 2017 (<u>see</u> ECF No. 1); and (2) Plaintiffs' claims arise from events and transactions dating back more than 20 years.  <u>See</u> <u>Monterey Bay I</u>, 531 F. Supp. 3d at 685–93.  The age of the CSI, however, does not undermine Plaintiffs' Sealing Requests.  Plaintiffs here "are affiliated with real estate developers" that "continue to operate in, and compete for, institutional housing opportunities, including with the United States Armed Forces."  (ECF No. 1031 at 2; <u>see</u> ECF Nos. 1031-1 ¶ 5; 1031-2 ¶ 5; 1031-3 ¶ 5).  The Declarations demonstrate that, notwithstanding the passage of time, the CSI in the Documents remains "highly sensitive" information that the developers have "consistently taken steps to protect[.]"  (ECF Nos. 1031-1 ¶¶ 4, 13; 1031-2 ¶¶ 5, 11; 1031-3 ¶¶ 5, 14).  Because the CSI includes information about the developers' "unique model and method for carrying out construction activities," the interest rate "unique to each project," and "business judgment and experience in managing the operations of privatized military housing projects," the Documents "will retain their competitive sensitivity for the foreseeable future."  (ECF No. 1031-1 ¶¶ 9, 10, 12, 14; 1031-3 ¶¶ 10, 11, 13, 15; <u>see</u> 1031-2 ¶¶ 7, 8, 10, 12).  Accordingly, we find that Plaintiffs' submissions, including the Declarations, satisfy Judge Gardephe's instruction in <u>Monterey Bay VI</u> that they substantiate the reason for sealing or redacting CSI more than ten years old.  <u>See</u> <u>Encyc. Brown Prods.</u>, 26 F. Supp. 2d at 614 (finding that defendants, by submitting "specific testimony" that cost and profit structures and business strategies had "not significantly changed[,]" justified sealing of older documents).

We now turn to address Judge Gardephe's question with respect to the twelve categories of Sealing Requests: whether Plaintiffs have "'demonstrat[ed] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  Monterey Bay VI, 2024 WL 5076424, at *2 (quoting Lugosch, 435 F.3d at 120).

### a.  Limited Partnership and Limited Liability Company Agreements

Plaintiffs ask permission to seal in their entirety all limited partnership agreements and limited liability company operating agreements, and to redact amended versions of those agreements.  (ECF No. 1058 at 4–11).[15]  These agreements set out the structure for operating the private military housing projects.  (See, e.g., ECF No. 870 ¶¶ 13–14 (citing ECF No. 870-9 (Sealing Request 3)).  Plaintiffs represent that the Developers have developed the project operating structure based on their judgment and experience in the industry and continue to use the structure reflected in the agreements.  (See, e.g., ECF No. 1031-1 ¶¶ 9, 12).  Plaintiffs therefore assert that publicizing the information in these agreements would put the developers at a competitive disadvantage.  (Id.)

We find that Plaintiffs have advanced a specific, concrete, competitive harm that would arise if the CSI in these agreements were not sealed or redacted.  Revealing this valuable information would enable the Developers' competitors to capitalize on their own strengths and exploit the Developers' weaknesses in bidding for future private and public projects.  (ECF No. 1031-1 ¶ 9).  Preventing that competitive harm outweighs the public interest in accessing the CSI in these documents.  Accordingly, we GRANT the Sealing Requests in this category.

---

[15] There are 32 Sealing Requests in this category.  (See Exhibit A § 1).

**b.  Requests for Proposal, Responses and Evaluations**

Plaintiffs ask to redact or seal in their entirety Documents relating to requests for proposals, responses to requests for proposals, and evaluation of those submissions.  We combine these requests into a single category.[16]  These Documents contain information for potential underwriters and lenders to use in determining whether to submit debt proposals for the military housing projects, the underwriters' and lenders' responses, and the processes by which the military evaluated the strengths and weaknesses of the responses and by which the projects negotiated and entered into financing agreements with underwriters and lenders.  They also contain information about the projects' corporate relationships, proposed debt structuring, fee structures, interest rates, budgeting, equity contributions, management strategies, and cost models, among other information.  Plaintiffs contend that the CSI in these Documents reflect unique aspects of the financial structure of each military housing project, as well as negotiations by the Developers using their experience and business judgment, which is information that the Developers' competitors could use to undercut the developers in future project bids.  (See, e.g., ECF No. 1031-3 ¶ 12).

---

[16] There are 121 Sealing Requests in this category.  (See Exhibit A § 2).  This combines the categories Plaintiffs have labeled: Requests for Proposal Issued by Developer-Projects to Underwriters/Lenders; GMAC Requests for Proposal Responses; GMAC Requests for Proposal Responses with Commitment Letters attached; GMAC Requests for Proposal Responses with Loan Document Proposals attached; GMAC Requests for Proposal Responses with Commitment Letters and Loan Document Proposals attached; GMAC Requests for Proposals Responses with attached comments to Loan Documents; Developer Responses to Military Requests for Qualifications/Requests for Proposals; Developer Responses to Military Requests for Qualifications/Requests for Proposals; Presentation in Response to Questions regarding Fort Meade Project; Army Requests for Qualifications to Developers; Army Award Letter for Fort Stewart; JLL Presentation Evaluating Differing Debt Financing Proposals; Military Source Selection Documents; and Project Scope Reviews.  (ECF No. 1058 at 4–11).

We find that Plaintiffs have advanced a specific, concrete, competitive harm that would arise if the CSI in these Documents were not sealed or redacted. Revealing this valuable CSI would enable the Developers' competitors to tailor their bids on future projects to imitate the Developers' approaches and exploit the Developers' weaknesses. (See, e.g., ECF No. 1031-3 ¶ 13). Preventing that competitive harm outweighs the public interest in access to the CSI in these documents. We therefore GRANT the Sealing Requests in this category.

### c. Loan Agreements and Related Documents

Plaintiffs ask the Court to permit redaction or sealing in their entirety 248 Documents reflecting loan agreements and related documents.[17] (ECF No. 1058 at 4–11). Similar to the limited partnership agreements, these documents reflect a financial structure for the military housing projects that is the result of negotiations between the Developers, the military, and other parties. As set forth in the Declarations, Plaintiffs contend that the loan agreements reflect the Developers' "unique model and method for carrying out proposed construction activities" on time and on budget, which is an important standard to meet to secure a privatized military housing project contract. (ECF Nos. 1031-1 ¶ 9; 1031-2 ¶ 7; 1031-3 ¶ 10). The Developers continue to use these models in current proposals for new privatized military housing projects, so Plaintiffs contend that revealing the CSI in these documents would advantage the Developers'

---

[17] (See Exhibit A § 3). This category combines the categories that Plaintiffs have labeled: Loan Agreements; Loan Agreements with CDMP, Budgets, Disbursement Schedules and Base and Parcel Locations attached; Loan Agreements with Base and Parcel Locations; Loan Origination Agreements with attached Commitment Letters; Loan Origination Agreements with accompanying proposed changes to Loan Documents; Loan Origination Agreements; Loan Schedules; Loan Pricing Worksheet Spreadsheet; Promissory Notes; Project Borrower Application Forms; Project Loan Draw Requests; Project Loan Schedules and Payment Calculation Spreadsheets; Fort Meade Underwriting Process with Loan Document Summary; and Credit Underwriting Reports.

competitors in the bidding process.  (ECF Nos. 1031-1 ¶ 9; 1031-2 ¶ 7; 1031-3 ¶ 10).  Some of these documents also reference interest rates and fee structures, which also reflect the Developers' model and business judgment in structuring cost-efficient debt financing.  (ECF Nos. 1031-1 ¶ 10; 1031-2 ¶¶ 8-9; 1031-3 ¶ 11).

We find that Plaintiffs have advanced a specific, concrete, competitive harm that would arise if the CSI in the loan agreements and related documents were revealed.  The Developers' potential financing partners and competitors could exploit this information in the bidding process for new privatized military housing projects, to the Developers' detriment.  Preventing that competitive harm to the Developers outweighs the public right of access to the documents in this category.  Accordingly, we GRANT Plaintiffs' sealing requests in this category.

### d.  Commitment Letters

Plaintiffs ask to redact 165 Documents reflecting commitment letters and their attachments.[18]  (ECF No. 1058 at 6).  Like the partnership and loan agreements, the commitment letters are the result of negotiations between the Developers and lenders to the Projects and contain CSI that reflects the developers' business judgment and model for efficient structuring of privatized military housing projects.  (ECF Nos. 1031-1 ¶ 9; 1031-2 ¶ 7; 1031-3 ¶ 10).  Revealing this CSI could provide a competitive advantage to future financing partners as well as the Developers' competitors, who could use that information to the Developers' disadvantage in future negotiations and bidding for privatized military housing projects.  (ECF Nos. 1031-1 ¶ 9; 1031-2 ¶ 7; 1031-3 ¶ 10)

---

[18] (See Exhibit A § 4).  This category combines the categories that Plaintiffs have labeled: Commitment Letters; and Commitment Letters with attached proposed language for Loan Documents.

We find that Plaintiffs have articulated a specific, concrete, competitive harm that could arise if the CSI in this category of documents were public, and that preventing that harm outweighs the public interest in access to these documents. Accordingly, we GRANT Plaintiffs' Sealing Requests in this category.

### e. Closing Documents

Plaintiffs seek to redact 54 documents related to the closing process.[19] (ECF No. 1058 at 7–8). These documents reflect the Developers' fees, interest rates, and equity contributions, which are proprietary to the developers and derive from their business judgment and model for structuring financing for a privatized military housing project. (ECF Nos. 1031-1 ¶ 11; 1031-2 ¶ 9; 1031-3 ¶ 12). The closing binders also contain the Developers' methodology and approach to providing services on and managing the privatized military housing projects. The Developers continue to use these fee structures and management methodologies, so competitors could exploit this information to the Developers' disadvantage in future bidding processes. (ECF Nos. 1031-1 ¶ 11; 1031-2 ¶ 9; 1031-3 ¶ 12).

We find that Plaintiffs have articulated a specific, concrete, competitive harm that could arise from disclosure of the CSI in these documents, and that preventing that competitive harm outweighs the public interest in accessing the CSI. Accordingly, we GRANT Plaintiffs' Sealing Requests in this category.

---

[19] (See Exhibit A § 5). This category combines the categories that Plaintiffs have labeled: Project Closing Instructions – Redacted for Banking Information; Project Closing Instructions – Redacted for Sensitive Commercial Information and Banking Information; Project Closing Binders; and Wire Instructions.

### f.  Financial Plans and Analyses

Plaintiffs seek to redact or seal in their entirety 103 Documents containing or reflecting the Developers' internal debt analysis for the projects.[20]  (ECF No. 1058 at 4–11).  The Developers used these analyses to select lenders for the Projects, and continue to use them to date, so the analyses reflect the Developers' internal process for evaluating different debt proposals based on their experience in the industry and judgment about selecting optimal financing for the projects.  (ECF Nos. 1031-1 ¶ 8; 1031-2 ¶ 6; 1031-3 ¶ 9).  Revealing the CSI in these documents could disadvantage the Developers in negotiations with potential lenders on future projects.

We find that Plaintiffs have described a specific, concrete, competitive harm that could arise if the CSI in the financial plans and analyses were made public, and that preventing this harm outweighs the public interest in accessing these documents.  We therefore GRANT Plaintiffs' Sealing Requests in this category.

### g.  Other Agreements

Plaintiffs seek to redact or seal in their entirety an assortment of other agreements.[21]  (ECF No. 1058 at 4–11).  Plaintiffs request sealing of some of these documents only on the ground that they contain military base and parcel locations, which the Court has granted above.[22]  (See

---

[20] (See Exhibit A § 6).  This category combines the categories that Plaintiffs have labeled: Internal Debt Analyses (2); Certificate Profit Analyses; Financial Pro Formas; Project Waterfalls (2); Picerne Consolidated Financial Statements; Quarterly Portfolio Reviews; and Project Financial Plans.

[21] There are 87 Sealing Requests in this category.  (See Exhibit A § 7).  This category combines the following categories as Plaintiffs have labeled them:  Agreement of Sublessor and Consent; Servicing and Lockbox Agreements; Surety Bond Commitments; Surety Bond and Liquidity Facility Documents with Loan Amortization Schedule and Legal Parcel Description attached; Master Development and Management Agreements; Property Management Agreements; Grantor Trust Agreements; Acquisition Documents Related to BBC Acquisition of Lackland Housing Project; and Army Lease.

[22] Sealing Requests 87; 97; and 433.  Two agreements (Sealing Requests 451 and 454) are redacted only to shield tax identification numbers, which is analogous to the PII discussed above.  (See § III.B.1, supra).

§ III.B.2, supra). These agreements are the product of negotiations between the Developers, the military branches, and the lenders, and reflect aspects of the structure of the military housing projects. Therefore, the agreements reflect the Developers' unique business judgment and model for the optimal development and administration of large, long-term debt for cost-effective public-private housing developments. (ECF Nos. 1031-1 ¶ 9; 1031-2 ¶¶ 7–8; 1031-3 ¶¶ 5, 10). The Developers continue to compete for institutional housing projects and management services, for which they face intense competition in the bidding process, so revealing the CSI in these agreements would put them at a strategic disadvantage for future projects. (ECF Nos. 1031-1 ¶¶ 5–9, 12; 1031-2 ¶¶ 5–7, 10; 1031-3 ¶¶ 5–9).

We find that Plaintiffs have described a specific, concrete, competitive harm that could arise if the CSI in these agreements were made public, and that preventing this harm outweighs the public interest in accessing these documents. We therefore GRANT Plaintiffs' Sealing Requests in this category.

### h.  Transaction Documents

Plaintiffs seek to redact or seal in their entirety a variety of transaction-related documents.[23] (ECF No. 1058 at 4–11). Many of these documents incorporate terms and CSI in other documents, the sealing of which the Court has approved above, such as the loan agreements, and thus similarly reflect the Developers' business judgment and model for structuring cost-effective privatized military housing projects. (See § III.B.4.c, supra). In addition to the Developers' ongoing competition for future public-private development and management

---

[23] There are 76 Sealing Requests in this category. (See Exhibit A § 8). This category combines the categories Plaintiffs have labeled: Project Confidential Summaries of Transaction; Swap Transaction Confirmations; Swap Pricing Worksheets; and Daily Confirm Listing.

projects, some of the loans have terms of 30 years, and are therefore still in effect and subject to possible future refinancing.  (See, e.g. Sealing Requests 150 & 162 (redacted versions located at ECF Nos. 923-3; 923-26)).  The Developers would have a negotiating disadvantage in future projects and transactions if the CSI in these documents, including financing structure, performance metrics, budgeting, and interest rates, were revealed.  (ECF Nos. 1031-1 ¶ 10; 1031-2 ¶ 8; 1031-3 ¶ 11).

We find that Plaintiffs have articulated a specific, concrete, competitive harm that could arise if the CSI in the transaction documents were made public, and that preventing this harm outweighs the public interest in accessing these documents in their entirety.  We therefore GRANT Plaintiffs' sealing requests in this category.

### i.  Discovery Materials

Plaintiffs seek to redact from certain discovery materials, including responses and objections and deposition transcripts, CSI such as interest rates and loan agreement terms.[24] (ECF No. 1058 at 4–11).  As discussed above, the Declarations attest that the loan terms and interest rates were "unique to each project," and reflect the Developers' "business judgment and experience in managing the operations of privatized military housing projects[.]" (ECF Nos. 1031-1 ¶¶ 9, 10, 12; 1031-3 ¶¶ 10, 11, 13; see 1031-2 ¶¶ 7, 8, 10).  Accordingly, this information is similarly appropriately redacted from discovery materials and Plaintiffs' Sealing Requests in this category are GRANTED.  (See §§ III.B.4.b–e, g, h, supra).

---

[24] There are eight (8) Sealing Requests in this category.  (See Exhibit A § 9).  This combines the categories Plaintiffs have labeled: Responses and Objections Redacted for Interest Rates, and Deposition Transcripts redacted for Interest Rates and Loan Agreement Provisions.

### j. **Correspondence and Meetings**

Plaintiffs seek to redact or seal in their entirety an assortment of correspondence and materials related to meetings.[25]  (ECF No. 1058 at 4–11).  Much of this correspondence includes CSI, the sealing of which the Court has otherwise approved, such as interest rates, loan terms, project budgets and costs, which reflect the Developers' business experience and judgment in structuring, developing, and managing cost-effective privatized military housing projects.  (ECF Nos. 1031-1 ¶ 9; 1031-2 ¶ 8; 1031-3 ¶ 11).   For the reasons discussed above, Plaintiffs have shown that this information is appropriately kept confidential.  (See §§ III.B.4.b–e, g–i, supra).  In addition, one of these Sealing Requests contains CSI of non-parties, whose privacy interests the Court also appropriately protects.  See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

Accordingly, Plaintiffs' Sealing Requests in this category are GRANTED.

### k. **Expert Reports**

Plaintiffs seek to redact CSI that experts have extracted from certain of the Documents and included in their reports.[26]  (ECF No. 1058 at 4–11).  The CSI the experts reference includes interest rates, loan agreement terms, fees, financing structures, and information exchanged in the RFP process, the sealing of which the Court has otherwise approved above.  (See §§ III.B.4.b, c, e, h–j, supra).  This same information is therefore appropriately redacted from the experts' reports and we GRANT Plaintiffs' Sealing Requests in this category.

---

[25] There are 72 Sealing Requests in this category.  (See Exhibit A § 10).  This combines the categories that Plaintiffs have labeled: Letters and Emails containing information relating to interest rates, loan terms, or development costs; Capmark Financial Group Military Housing Meeting with Jefferies & Co.; BBC Counsel Letter; and Letter Between MBMH and Pinnacle.
[26] There are 24 Sealing Requests in this category.  (See Exhibit A § 11).

### I. Project Plans, Status Reports and Site Visits

Plaintiffs seek to redact or seal in their entirety documents pertaining to project plans, status reports, and project site visits.[27]  (ECF No. 1058 at 4–11).  These documents contain information about the Developers' community management and development plans, which reflect the process by which the Developers selected the financial lender and strategy for bringing about the projects' profitability.  These documents therefore reflect the Developers' industry experience and business judgment in setting up a development, financing, and management structure that Congress would approve and allow the projects to be successful, and the Developers continue to use these structures and methods in current bidding, as it continues to compete for public-private partnerships.  (ECF Nos. 1031-1 ¶¶ 5–10; 1031-2 ¶¶ 5–10; 1031-3 ¶¶ 5–11).  The Developers would be at a competitive disadvantage if the CSI in these project-related documents were revealed.

We find that Plaintiffs have described a specific, concrete, competitive harm that could arise if the CSI in these documents were made public, and that preventing this harm outweighs the public interest in accessing these documents.  We therefore GRANT Plaintiffs' Sealing Requests in this category.

### IV. CONCLUSION

For the reasons set forth above, based on the Court's sampling process for review of Plaintiffs' Sealing Requests, the Court finds that Plaintiffs have satisfied Judge Gardephe's

---

[27] There are 10 Sealing Requests in this category.  (See Exhibit A § 12).  This combines the categories Plaintiffs have labeled: Leavenworth Project Status Report; Project Site Visit Presentations; Project Performance Improvement Plans; and Environmental Management Plans.

requirement to provide "document-level argument or justification for sealing." <u>Monterey Bay VI</u>,

2024 WL 5076424, at *2.  Accordingly, Plaintiffs' Sealing Requests are GRANTED.

By Tuesday, May 13, 2025, Plaintiffs shall file a letter specifically identifying the Sealing

Requests they have withdrawn and the docket entries containing the unredacted version of the

corresponding Documents.

Dated:         New York, New York
               May 6, 2025

                                        SO ORDERED.


                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

**Exhibit A**

| Category | Sealing Request Number(s) | Pages for Redaction |
|---|---|---|
| **1.  Limited Partnership and Limited Liability Company Agreements** | | |
| Limited Partnership Agreements | 3; 4; 6; 82; 91; 101; 102; 104; 255 | Sealed in Entirety |
| Limited Liability Company Operating Agreements | 5; 54; 73; 79; 80; 81; 83; 84; 85; 86; 88; 89; 90; 92; 93; 94; 95; 98; 100; 103 | Sealed in Entirety |
| Amended and Restated Limited Liability Company Operating Agreement for Stewart Hunter Housing, LLC | 74; 99 | Redacted |
| Amendment to Limited Liability Company Operating Agreement for FDWR Parent LLC | 96 | Redacted |
| **2.  Requests for Proposal, Responses, Evaluations, and Related Correspondence** | | |
| Requests for Proposal issued by Developer- Projects to Underwriters/Lenders | 8; 9; 108; 109; 167; 176; 198; 215; 266; 287; 298; 408; 627; 781; 803; | Redacted |
| GMAC Requests for Proposal Responses | 46; 48; 49; 58; 152; 200; 338; 476; 478; 479; 480; 481; 489; 607; 623; 687; 836 | Redacted |
| GMAC Requests for Proposal Responses with Commitment Letters attached | 47; 50; 53; 56; 57; 107; 178; 186; 217; 239; 268; 289; 300; 316; 333; 334; 342; 380; 477; 482; 483; 484; 485; 486; 487; 490; 543; 545; 546; 784; 804; 881; 887; 953 | Redacted |
| GMAC Requests for Proposal Responses with Loan Document Proposals attached | 339 | Redacted |
| GMAC Requests for Proposal Responses with Commitment Letters and Loan Document Proposals attached | 310 | Redacted |
| GMAC Requests for Proposals Responses with attached comments to Loan | 55 | Redacted |

**Exhibit A**

| | | |
|---|---|---|
| Documents | | |
| Developer Responses to Military Requests for Qualifications/Requests for Proposals | 134; 299; 473; 475; 488; 523; 524; 587; 588; 593; 599; 601; 705; 707; 708; 713; 714; 715; 716; 742; 752; 779; 820; 834; 882; 888; 900; 968; 997; 1021; 1022; 1026; 1028; 1029; 1078; 1093 | Redacted |
| Developer Responses to Military Requests for Qualifications/Requests for Proposals | 165; 594; 750; 1020 | Sealed in Entirety |
| Presentation in Response to Questions regarding Fort Meade Project | 135; 474 | Redacted |
| Army Requests for Qualifications to Developers | 164; 175; 819; 1077 | Redacted |
| Army Award Letter for Fort Stewart | 166 | Sealed in Entirety |
| JLL Presentation Evaluating Differing Debt Financing Proposals | 335 | Redacted |
| Military Source Selection Documents | 880; 899 | Sealed in Entirety |
| Project Scope Reviews | 411; 412 | Redacted |
| **3.  Loan Agreements and Related Documents** | | |
| Loan Agreements | 19; 21; 27; 120; 122; 128; 450; 470; 471; 472; 569; 616; 617; 699; 777; 858; 867; 910; 989 | Sealed in Entirety |
| Loan Agreements with CDMP, Budgets, Disbursement Schedules, and Base and Parcel Locations attached | 10; 11; 20; 22; 23; 24; 26; 113; 117; 121; 123; 124; 125; 127; 349; 446; 452; 455; 456; 460; 463; 464; 466; 467; 468; 469; 586; 611; 612; 614; 615; 695; 724; 747; 764; 939; 952; | Sealed in Entirety |

**Exhibit A**

| | | |
|---|---|---|
| | 959; 979; 980;987; 988; 1036; 1038 | |
| Loan Agreements with Base and Parcel Locations | 12; 13; 14; 15; 16; 17; 18; 25; 28; 111; 112; 114; 115; 116; 118; 126; 129; 457; 458; 459; 461; 462; 465; 568; 609; 610; 613;696; 795; 812; 827; 841; 864; 965; 977; 978; 981; 982; 983; 984;985; 1035; 1037; 1045 | Sealed in Entirety |
| Loan Origination Agreements with attached Commitment Letters | 29; 32; 35; 36; 39; 61; 69; 145; 196; 384; 385; 453; 658; 659; 745; 763; 849; 909; 971; 976; 1031 | Redacted |
| Loan Origination Agreements with accompanying proposed changes to Loan Documents | 30; 34; 158 | Redacted |
| Loan Origination Agreements | 31; 33; 37; 38; 40; 41; 42; 43; 44; 45; 172; 214; 219; 234; 263; 281; 296; 305; 312; 390; 393; 449; 517; 518; 655; 656; 657; 660; 661; 662; 768; 850; 851; 884; 893; 905; 919; 920; 970; 1034 | Redacted |
| Loan Schedules | 366; 420; 775; 794; 943 | Redacted |
| Loan Pricing Worksheet Spreadsheet | 218; 220; 235; 251; 264; 283; 297; 307; 313; 330; 350; 352; 354; 355; 356; 363; 365; 378; 379; 396; 405; 413; 423; 432; 437; 439; 975 | Sealed in Entirety |
| Promissory Notes | 697; 698; 710; 723; 725; 726; 727; 736; 737; 748; 757; 769; 770; 778; 796; 814; 815; 829; 842; 843; 852; 860; 885; 886; 894; 921; 922; 946; 960; 969 | Redacted |

**Exhibit A**

| | | |
|---|---|---|
| Project Borrower Application Forms | 915 | Redacted |
| Project Loan Draw Requests | 75; 76; 77; 78 | Redacted |
| Project Loan Schedules and Payment Calculation Spreadsheets | 147; 161; 185; 348; 431; 1102 | Sealed in Entirety |
| Fort Meade Underwriting Process with Loan Document Summary | 52; 132 | Redacted |
| Credit Underwriting Reports | 756; 840 | Redacted |
| **4. Commitment Letters** | | |
| Commitment Letters | 60; 63; 64; 65; 66; 67; 68; 70; 71; 136; 137; 143; 144; 169; 170; 171; 180 through 184; 188 through 195; 204 through 213; 221; 225 through 233; 240 through 250; 257 through 262; 269 through 280; 290 through 295; 301 through 304; 311; 321; 322; 358; 359; 360; 361; 362; 367; 369 through 372; 381; 386; 387; 388; 389; 391; 392; 398; 399; 400; 404; 406; 407; 448; 497; 498; 501; 502; 504; 505; 506; 507; 509; 513; 514; 515; 516; 567; 663; 690; 691; 721; 722; 744; 755; 765; 766; 787; 788; 789; 791; 808; 809; 810; 811; 824; 825; 838; 839; 848; 859; 890; 917; 918; 933; 937; 957; 986 | Redacted |

**Exhibit A**

| | | |
|---|---|---|
| Commitment Letters with attached proposed language for Loan Documents | 62; 72; 154 through 157 | Redacted |
| **5.   Closing Documents** | | |
| Project Closing Instructions - Redacted for Banking Information | 146; 159; 345; 346; 397; 435; 436; 441; 445; 728; 733; 738; 771; 854; 911 | Redacted |
| Project Closing Instructions - Redacted for Sensitive Commercial Information and Banking Information | 197; 222; 282; 340; 341; 343; 344; 347; 374; 402; 403; 434; 438; 440; 443; 521; 700; 711; 739; 746; 759; 797; 813; 828; 844; 853; 861; 862; 869; 891; 906; 923; 938 | Redacted |
| Project Closing Binders | 252; 306; 357 | Redacted |
| Wire Instructions | 284; 395; 444 | Redacted |
| **6.   Financial Plans & Analyses** | | |
| Internal Debt Analyses | 153; 636; 645; 647; 648; 902; 990 | Redacted |
| Internal Debt Analyses | 168; 179; 201; 202; 203; 256; 317; 318; 351; 419; 493; 564; 566; 580; 581; 591; 598; 608; 629; 630; 631; 632 ; 633; 634; 635; 637; 638; 639; 640; 641; 644; 646; 649; 650; 651; 653; 754; 807; 822; 823; 876; 877; 878; 879; 901; 963; 1000; 1002; 1003; 1004; 1005; 1006; 1016; 1017; 1018; 1032; 1089; 1101 | Sealed in Entirety |
| Certificate Profit Analyses | 429 | Sealed in Entirety |

**Exhibit A**

| | | |
|---|---|---|
| Financial Pro Formas | 491; 500; 709; 782; 837; 847; 883; 889; 903; 916; 936; 1046; 1047; 1048; 1049 | Sealed in Entirety |
| Project Waterfalls | 582; 950; 951; 962 | Redacted |
| Project Waterfalls | 741; 761; 798; 799; 845; 855; 897; 927; 928; 930; 931; 934 | Sealed in Entirety |
| Picerene Consolidated Financial Statements | 590 | Redacted |
| Quarterly Portfolio Reviews | 595; 1050; 1076 | Redacted |
| Project Financial Plans | 688; 805 | Sealed in Entirety |
| **7. Other Agreements** | | |
| Agreement of Sublessor and Consent | 87; 97; 433 | Redacted |
| Servicing and Lockbox Agreements | 173; 377; 410; 430; 447; 565; 665; 666; 667; 668; 669; 670; 671; 672; 673; 674; 675; 676; 677; 678; 679; 701; 702; 740; 773; 816; 830; 863 | Sealed in Entirety |
| Surety Bond Commitments | 415; 416; 417; 560; 561; 563; 732; 865; 940; 1051; 1052; 1053; 1054; 1055; 1056; 1057; 1058; 1059; 1060; 1061;1062; 1063; 1064; 1065 | Redacted |
| Surety Bond and Liquidity Facility Documents with Loan Amortization Schedule and Legal Parcel Description attached | 866; 871 | Redacted |

**Exhibit A**

| | | |
|---|---|---|
| Master Development and Management Agreements | 868; 873; 874; 875; 1023; 1024; 1025 | Redacted |
| Property Management Agreements | 995; 1039; 1040; 1041; 1042; 1043; 1044; 1066; 1067; 1068; 1069; 1070; 1071; 1072; 1073; 1074; 1083 | Redacted |
| Grantor Trust Agreements (redacted solely for Tax ID Numbers) | 451; 454 | Redacted |
| Acquisition Documents Related to BBC Acquisition of Lackland Housing Project | 912; 913; 914 | Sealed in Entirety |
| Army Lease | 1079 | Redacted |
| **8. Transaction Documents** | | |
| Project Confidential Summaries of Transaction | 150; 162; 163; 174; 332; 353; 373; 375; 409; 414; 418; 424; 544; 596; 597; 693; 703; 704; 712; 729; 730; 734; 749; 762; 774; 800; 802; 817; 818; 831; 832; 833; 846; 856; 872; 895; 896; 898; 907; 908; 925; 926; 942; 944; 956; 967; 972; 973 | Redacted |
| Swap Transaction Confirmations | 160; 236; 253; 285; 382; 383; 421; 425; 426; 427; 428; 570; 571; 572; 573; 574; 682; 683; 684; 685; 947; 954; 955; 1098; 1099; 1100 | Redacted |
| Swap Pricing Worksheets | 286 | Sealed in Entirety |
| Daily Confirm Listing | 731 | Redacted |

**Exhibit A**

| 9.   Discovery Materials | | |
|---|---|---|
| Responses and Objections Redacted for Interest Rates | 528; 945 | Redacted |
| Deposition Transcripts redacted for Interest Rates and Loan Agreement Provisions | 526; 527; 537; 600; 1001; 1096 | Redacted |
| **10. Correspondence & Meetings** | | |
| Letters and Emails containing information related to interest rates, loan terms, or development costs | 138; 139; 140; 148; 224; 265; 319; 320; 324; 325; 326; 328; 329; 331; 364; 368; 376; 401; 492; 494; 496; 499; 503; 508; 510; 511; 519; 539; 540; 541; 542; 547; 577; 579; 583; 604; 606; 625; 652; 654; 692; 718; 719; 753; 758; 760; 767; 772; 776; 786; 792; 793; 806; 826; 857; 870; 892; 904; 924; 929; 932; 935; 949; 964; 974; 1030; 1033; 1090; 1094 | Redacted |
| Capmark Financial Group Military Housing<br>Meeting with Jefferies & Co. | 308 | Redacted |
| BBC Counsel Letter | 996 | Sealed in Entirety |
| Letter Between MBMH and Pinnacle | 1084 | Sealed in Entirety |
| **11. Expert Reports** | | |
| Expert Report of Adam Sherman & Bradley<br>Wendt, dated June 23, 2023 | 1; 105; 801 | Redacted |
| Expert Rebuttal Report of Adam Sherman &<br>Bradley Wendt, dated October 6, 2023 | 106 | Redacted |

**Exhibit A**

| | | |
|---|---|---|
| Expert Report of Bruce Deal, dated June 23, 2023 | 2; 119; 948 | Redacted |
| Expert Rebuttal Report of Bruce Deal, dated October 6, 2023 | 336 | Redacted |
| Expert Supplemental Report of Bruce Deal, dated October 31, 2023 | 337 | Redacted |
| Expert Report of Kevin Riordan, dated June 23, 2023 | 592 | Redacted |
| Expert Rebuttal Report of Kevin Riordan, dated October 6, 2023 | 664 | Redacted |
| Expert Report of Laurence Freed, dated June 23, 2023 | 680 | Redacted |
| Expert Rebuttal Report of Steven Klein | 681; 993 | Redacted |
| Expert Report of Steven Klein, dated June 23, 2023 | 686; 992 | Redacted |
| Expert Report of Daniel Castro, dated June 23, 2023 | 961; 1095 | Redacted |
| Expert Rebuttal Report of Daniel Castro, dated October 6, 2023 | 994; 1092 | Redacted |
| Expert Rebuttal Report of G. William Schwert, dated October 6, 2023 | 991; 1091 | Redacted |
| Expert Report of J. Brown, dated June 23, 2023 | 998 | Redacted |
| Expert Report of Professor Casey Mulligan, dated Oct. 6, 2023 | 1097 | Redacted |
| **12. Project Plans, Status Reports & Site Visits** | | |

**Exhibit A**

| | | |
|---|---|---|
| Leavenworth Project Status Report | 780; 783; 785; 790 | Sealed in Entirety |
| Project Site Visit Presentations | 1075 | Redacted |
| Project Performance Improvement Plans | 1086; 1087 | Sealed in Entirety |
| Environmental Management Plans | 1080; 1081; 1082 | Sealed in Entirety |